### GEORGE B. PETERSON V. STATE OF NEBRASKA.

FILED APRIL 13, 1909.   No. 16,028.

1. **Incest: DECLARATIONS: COMPETENCY.** Where a defendant is being tried for incest, the declarations of the prosecutrix, made in his absence, concerning an alleged criminal intercourse with him in a county other than the one wherein he is being tried, are incompetent, and, if received over defendant's objections, entitle him to a new trial.

2. **Criminal Law: INSTRUCTIONS.** Where the defendant in a criminal case has testified in his own behalf, and the court has given a proper instruction concerning the credibility of the witnesses generally, it is not proper in another instruction to state, "neither is the jury bound to blindly receive the testimony of the defendant as true."

ERROR to the district court for Kearney county: HARRY S. DUNGAN, JUDGE. *Reversed.*

*J. L. McPheely,* for plaintiff in error.

*William T. Thompson, Attorney General,* and *George W. Ayres, contra.*

ROOT, J.

Plaintiff in error, who will hereafter be referred to as the defendant, was convicted of violating section 204 of the criminal code, and appeals to this court.

1. The venue of the alleged crime is Kearney county. The state, over defendant's objection, was permitted to prove by a Mrs. Parrish that, some years preceding the commission of the offense for which defendant was convicted, his daughter, the prosecutrix, told the witness in Johnson county, in the absence of defendant, that her father had been criminally intimate with her in the latter county. The daughter had also testified to such intercourse. The state, in justification of the ruling of the trial court, invokes two well-known rules of law: First, that, in prosecutions of this character, it is competent to show criminal intercourse between the prosecutrix and defendant anterior to the act for which he is being tried; and the other that, in cases of rape, the prosecutrix may be corroborated as to the main fact by proof of her declarations concerning the offense. But no authority has been cited, and we suspect none can be found, to show that the prosecutrix' declarations, made in the absence of defendant, may be received in a prosecution for incest to corroborate her testimony concerning a fact which in itself merely tended to prove defendant's adulterous disposition toward her. Such evidence has been adjudged incompetent in *State v. De Masters,* 15 S. Dak. 580; *Poyner v. State,* 40 Tex. Cr. Rep. 640, 51 S. W. 376; *Clark v. State,* 39 Tex. Cr. Rep. 179, 73 Am. St. Rep. 918. Not only was the testimony incompetent, but it was prejudicial, and well calculated to inflame the passions of the jury.

2. We are of opinion, furthermore, that some of defendant's criticisms of the instructions given are not without merit, although we are not inclined to reverse the case because of such errors alone. The court gave instruction numbered 1, requested by defendant, which fairly submitted to the jury the credibility of all of the witnesses, including that of defendant, who testified in his own behalf. In addition, instruction designated "D," given by the court, specially instructed the jurors to consider defendant's interest in the result of the suit, and cautioned them, "neither is the jury bound to blindly re-

ceive the testimony of the defendant as true." The instruction gave undue prominence to the fact that defendant's interest might induce him to testify falsely. *Burk v. State*, 79 Neb. 241. Instructions numbered 5, 10, and 11 might well have been omitted, and instruction numbered 8, so modified as to permit the jury to say whether certain facts, if proved, were corroborative or not. The instructions concerning a reasonable doubt were given at defendant's instance, and therefore he will not be heard to complain thereof. It might be well, however, to trust jurors to use their own good sense in applying the term "reasonable doubt," whereby the trial and appellate court would be spared much labor, and the jury some confusion.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.