## HOWARD F. BRAY v. STATE OF NEBRASKA.

FILED NOVEMBER 25, 1922.   No. 22578.

Evidence examined, and *held* to support the verdict. *Held*, further, that no prejudicial error is shown by the record.

ERROR to the district court for Thurston county: GUY T. GRAVES, JUDGE. *Affirmed.*

*A. R. Oleson*, for plaintiff in error.

*Clarence A. Davis, Attorney General*, and *Charles S. Reed*, contra.

Heard before MORRISSEY, C. J., ALDRICH, DAY, DEAN and LETTON, JJ., SHEPHERD, District Judge.

LETTON, J.

Howard F. Bray was convicted of unlawfully being in possession of intoxicating liquor in a place other than his dwelling-house. The complaint as it appeared in the original transcript was defective in several respects, but, upon a diminution of the record being suggested, a true copy was made a part of the transcript. Several of the assignments of error are based upon the defect in the

original copy of the complaint, and are now unavailing.

A witness was allowed to testify that he smelled the contents of the bottle and believed it to be intoxicating liquor. It is said no sufficient foundation was laid for this testimony. The undisputed testimony shows that a portion of the contents of the bottle was transmitted, under seal, to the state chemist, and, by a stipulation in the case, his report upon the analysis, which shows the alcoholic contents of the liquid to be 50.6 per cent. alcohol, and that its taste resembled newly distilled whisky, was in evidence in the case. The error, if any, was not prejudicial.

Instructions No. 4 and No. 6 are complained of. We see nothing erroneous in instruction No. 4.

It is said instruction No. 6 gave undue prominence to the interest defendant had in the result of the case and to the weight to be given his testimony. A like instruction has been approved in some states. In *Peterson v. State,* 84 Neb. 76, in which case the judgment was reversed for prejudicial error in another respect, it was said that such an instruction gave undue prominence to the fact that defendant's interest might induce him to testify falsely, and the instruction, with others, was criticised, but the court said: "We are not inclined to reverse the case because of such errors alone." The court seems to have based its strictures upon the instruction in the case of *Burk v. State,* 79 Neb. 241, but it is pointed out in that case that the statement criticised was referred to in three instructions, and that the fact of defendant's interest in the result of the prosecution was thus unduly emphasized and kept prominently before the jury, and that by such repetition it would seem quite probable that the jury "were led to consider it their duty to give his evidence little or no weight in determining the question of his guilt." This it is held was prejudicial error. No such condition exists in this case. The general instruction as to credibility of witnesses was sufficient, more was unnecessary; but, taking the in-

structions as a whole, no error justifying a reversal was committed.

The jury were justified in finding the defendant guilty from the evidence.

AFFIRMED.