## HUBBARD LACY v. THE STATE.

### *No. 7925. Decided June 15.*

**1. Practice — Exception to Indictment — Qualification of Grand Juror.**—On trial for theft of a horse, the defendant objected to the indictment on the ground that one of the jurors was an alien and unauthorized to sit on the grand jury and participate in its proceedings. *Held*, in conformity with Doss v. The State, 28 Texas Court of Appeals, 506, that "objection to the qualification of a person impaneled as a grand juror can be made by challenge, and in no other manner. Subdivision 2 of article 523 of the Code of Criminal Procedure, which provides that a motion to set aside an indictment upon the ground that a person not authorized by law was present when the grand jury were deliberating upon the accusation against defendant, etc., applies only to persons who are not impaneled as jurors."

**2. Charge of Court — Reasonable Explanation.**—Where on trial for theft of a horse the court charged the jury, "if the mare was Baxter's property, and if defendant gave a reasonable account of his possession, showing such possession to be honest, such account must be taken as true until overcome by evidence satisfactory to the jury, beyond any reasonable doubt, that the possession was fraudulent," *held*, erroneous. If a defendant give explanation of his possession that is natural, reasonable, and probably true, the State must prove it to be false. It is not necessary that defendant should show that his possession was honest; on the contrary, his possession may be dishonest, and his explanation may so show, and yet if he was not concerned in the original taking he would not be guilty of the theft.

**3. Evidence Insufficient.**—See evidence stated in the opinion *held* wholly insufficient to support a conviction for theft.

APPEAL from the District Court of Wharton, on a change of venue from Matagorda. Tried below before Hon. W. H. BURKHART.

Appellant was convicted in the court below upon a charge, by indictment, for horse theft, and given as his punishment a term of five years imprisonment in the penitentiary.

It is unnecessary that the facts in the case be reproduced.

*John E. Linn* and *Y. C. Burkhart*, for appellant.—The court, in the second paragraph of its charge, instructed the jury as follows: "If the mare was Baxter's property, and if the defendant gave a reasonable account of his possession, showing such possession to be honest, such account must be taken as true until overcome by evidence satisfactory to the jury, beyond any reasonable doubt, that the possession was fraudulent." This charge was erroneous, operated to defendant's injury, and deprived him of his legal rights:

1. Because the court imposed the burden upon defendant, not only of accounting for his possession by a statement reasonable, natural, and probably true, but instructed the jury, in effect, to find him guilty if such statement did not show his possession to be honest against the world.

2. Said charge is erroneous, because it imposes no burden upon the State whatever to show the falsity of defendant's explanation before a conviction could be had.

3. Said charge is erroneous and materially injured defendant, because it instructs the jury to find him guilty as charged, if they believe that his possession of the property was fraudulent against any person; and because said charge does not restrict the fraudulent character of the defendant's possession to such only as is fraudulent against the owner, David Baxter, and in connection with the original theft of said property from him, David Baxter.

4. Said charge is grossly erroneous, because it does not instruct the jury that the possession of the mare by defendant must be fraudulent as against the owner, David Baxter (if it was his mare), and as a part and parcel of the original theft, to warrant a conviction; and that a fraudulent possession by defendant as against any other person would not warrant a conviction, unless from the evidence they believe beyond a reasonble doubt that the defendant was guilty of the fraudulent taking of the mare from the owner, David Baxter, at or about the time charged in the indictment.

A person found in possession of property shown to be recently stolen is only required to explain his possession by a statement reasonable, natural, and satisfactory. His possession need not be honest. He might receive the property, knowing it to be stolen, or he might have stolen it from the third party, and his explanation of either fact must be shown false before a conviction can be sustained. His possession must be shown to be fraudulent as against the owner before a conviction can be had. Clark v. The State, 27 Texas Ct. App., 405; Arispe v. The State, 26 Texas Ct. App., 581; Boyd v. The State, 24 Texas Ct. App., 570; Cohea v. The State, 9 Texas Ct. App., 173; Willis v. The State, 24 Texas Ct. App., 584; McAfee v. The State, 14 Texas Ct. App., 668; Brothers v. The State, 22 Texas Ct. App., 447; Fernandez v. The State, 25 Texas Ct. App., 538; Tucker v. The State, 21 Texas Ct. App., 699; Curlin v. The State, 23 Texas Ct. App., 681;

Morrow v. The State, 22 Texas Ct. App., 240; Robinson v. The State, 22 Texas Ct. App., 129; Phillips v. The State, 19 Texas Ct. App., 159; McCoy v. The State, 44 Texas, 616; Moreno v. The State, 24 Texas Ct. App., 401; Lee v. The State, 27 Texas Ct. App., 475; Perry v. The State, 41 Texas, 483; Roberts v. The State, 17 Texas Ct. App., 82; Windham v. The State, 19 Texas Ct. App., 413.

The court erred in overruling the defendant's motion to set aside the indictment in this cause, for the reasons set out in defendant's bill of exceptions No. 1, of record in this cause, and because a person not authorized by law was present when this bill of indictment was being voted upon.

A legal right is conferred upon a defendant charged by indictment with a penal offense by the Constitution, article 5, section 13, and by article 522 of the Code of Criminal Procedure, which is not abridged or taken away by articles 377 and 381 of the Code of Criminal Procedure; and a defendant not before the court at the time of impaneling the grand jury, and unaware of the pending of an investigation by said grand jury against him, can raise the question of void indictment and an unauthorized presence at the time of finding the bill by motion to set aside the indictment at any time before announcing ready for trial, and a refusal by the court to hear evidence thereon is a denial of a legal right requiring reversal. Rothschild v. The State, 7 Texas Ct. App., 538; Const., art. 5, sec. 13; Lott v. The State, 18 Texas Ct. App., 627; Smith v. The State, 19 Texas Ct. App., 95; McNeese v. The State, 19 Texas Ct. App., 48; Rainey v. The State, 19 Texas Ct. App., 479.

*R. H. Harrison*, Assistant Attorney-General for the State.

SIMKINS, Judge.—Defendant was indicted for horse theft in Matagorda County, the venue changed by agreement to Wharton County, where the trial resulted in a conviction, and his punishment assessed at five years in the penitentiary. There are three questions that need to be considered in this case.

1. The defendant objected to the indictment on the ground that one of the grand jurors was an alien, and was unauthorized to sit on the grand jury and participate in the proceedings, and that he had a right to raise this objection, under article 523, Code of Criminal Procedure. The objection goes simply to the qualification of the grand juror, and was correctly overruled, upon wise principles of public policy. The statute limits the right to set aside an indictment to a few specified grounds, prescribed in article 523, Code of Criminal Procedure, and an objection to the want of qualification of a grand juror, after an indictment found, can not be entertained. Owens' case, 25 Texas Ct. App., 555. In Woods' case, 26 Texas Court of Appeals, 490, where the plea in abatement to the indict-

ment set up the fact that one of the grand jurors was a convicted felon, there is an intimation that the defendant might move to set aside the indictment on the ground that a person not authorized by law was present when the grand jury were deliberating upon the accusation against the defendant, or were voting on the same. Code Crim. Proc., art. 523, subdiv. 2. Defendant's motion in the case at bar was upon this ground. But this was declared to be mere dictum in Doss' case, 28 Texas Court of Appeals, 510, and article 523, subdivision 2, was held not to apply to persons who were impaneled as grand jurors.

2. The defendant complains of the charge of the court in its second paragraph, to the effect, "that if the mare was Baxter's property, and if defendant gave a reasonable account of his possession, showing such possession to be honest, such account must be taken as true, until overcome by evidence satisfactory to the jury, beyond any reasonable doubt, that the possession was fraudulent." This charge was error, and was properly excepted to. This court, by repeated decisions, has held that if defendant, in possession of stolen property, give an explanation of his possession that is natural, reasonable, and probably true, it then devolves on the State to prove that the explanation is false. Neither is it necessary for defendant to show that this possession was honest. On the contrary, his possession may be dishonest and fraudulent, and his explanation may so show, and yet defendant may not be guilty of theft. Thus if, after the theft, he purchased the horse, knowing it to be stolen, he could not be convicted of theft, because he was not concerned in the original taking, yet the defendant may be convicted of receiving stolen property.

In Curlin's case, 23 Texas Court of Appeals, 681, where the court charged, "If you believe the defendant bought the heifer in good faith, he would not be guilty," defendant claimed to have bought the heifer from two strangers. This court reversed, because the charge authorized a conviction, even though he was not engaged in the original taking. Roberts' case, 17 Texas Ct. App., 83; Lee's case, 27 Texas Ct. App., 475; Fernandez's case, 25 Texas Ct. App., 538; Clark's case, 27 Texas Ct. App., 414; Prator's case, 15 Texas Ct. App., 363; McAfee's case, 14 Texas Ct. App., 668; Bond's case, 23 Texas Ct. App., 180; Shuler's case, 23 Texas Ct. App., 182.

3. Insufficiency of evidence. The evidence in this case is not satisfactory. Not only does the owner seem never to have taken the trouble to identify his own property, though living within three miles of defendant, and hearing that it was taken up by defendant, but the brand on the alleged stolen animal was KMY, the K being reversed, while the brand on Baxter's mare was HA connected, the bar of the H running across the A also; yet the animal claimed by defendant had no evidence of the bar or blotch, even if it be admitted that the HA brand could have been

changed into the KMY brand; and, while the similarity between the animals was admitted, yet there is a dispute in the description of feet, mane, and tail. Again, defendant rode this animal in open day in the neighborhood of the alleged owner, admitting it looked like his mare, but stating that he had bought it from two Mexicans, and had paid them $15. The judgment is reversed, and cause remanded.

*Reversed and remanded.*

Judges all present and concurring.