## CHARLIE LOVELACE V. THE STATE.

No. 2834.   Decided November 11, 1903.

**1.—Former Jeopardy—Defective Indictment—Practice.**

Defendant had previously been put upon trial for the burglary for which he was now on trial. After the jury had been deliberating twenty-two hours in that case the court discovered a fatal defect in the indictment, and of his own motion recalled the jury and discharged it. Held, correct and that a plea of former jeopardy was properly stricken out. Defendant could not have been legally convicted under the former indictment.

**2.—Burglary and Theft—Recent Possession—Defendant's Explanation—Charge of Court.**

On a trial for burglary a charge of court which, in effect, told the jury that they could not consider defendant's explanation of his possession of the stolen property, if it was correct for any purpose, if they found it was correct, was erroneous. And see a correct requested instruction upon the subject which properly presented the rule, and which the court erroneously refused to give.

Appeal from the District Court of Cherokee.   Tried below before Hon. Tom C. Davis.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The following statement is taken from the brief of appellant.

On the 22d day of December, 1902, a bill of indictment was returned into the District Court of Cherokee County, Texas, charging appellant with burglarizing a house in said county belonging to A. Martin and I. Martin.   On the 25th day of May, 1903, said case, being numbered 3274 on the docket of said court, was regularly called for trial in said court and the State and defendant both announced ready for trial, whereupon a jury was legally impaneled and sworn to try said cause, and the bill of indictment against this appellant was read to the court and jury, and this appellant called upon to plead to the same, whereupon he then and there to said indictment pleaded not guilty, after which the evidence and the argument for both the State and defendant was heard by the court and the jury, and immediately thereafter the court delivered its written charge to the jury and retired them to consider of their verdict.   The trial judge who tried said case, by way of qualifying the appellant's bill of exceptions number 1, states as follows, to wit:   "The first indictment [meaning the bill of indictment No. 3274 and under which the defendant was then being tried] charged the property to belong to A. and I. Martin; the indictment was defective.   There was motion made to quash the indictment.   When I discovered that the indictment was defective after the jury had been out about twenty-two hours, and it appearing that there was chances for them to reach a verdict, I brought them in and discharged them without any consultation with either the district attorney or the defendant's attorneys.   I approve this bill with this qualification.   Tom C. Davis, Judge Second District."

The above said statement made by the said trial judge and all the other facts and circumstances clearly show that said jury was discharged

by the court without any authority of law and without the consent of the defendant and over his protest, as sworn to by him in his plea of former jeopardy herein, and when by the declarations of said trial judge there was a chance for the jury to reach a verdict.

Then after the above said discharge of the jury this appellant was held and kept in custody until on May 27, 1903, the bill of indictment under which appellant stands convicted. herein was filed against him in said court charging him with the same identical transaction and offense that was charged in the indictment in case No. 3274, and in which case and on the trial of which the jury had been discharged; but said last indictment charged the property to belong to A. Martin instead of to A. Martin and I. Martin. A copy of each of said two indictments are made parts of defendant's said plea of former jeopardy herein. Then on the 1st day of June, 1903, the State was permitted by the court to dismiss said first case No. 3274 for reasons filed, but no reasons were in fact filed. This judgment of dismissal was taken when the defendant was absent from the court and when he nor his counsel were neither one in the court.

Then on the 17th day of June, 1903, the case here now an appeal, being case No. 3292 on the docket of said lower court, was regularly called for trial in said lower court and the State and defendant both announced ready for trial, whereupon a jury was impaneled and sworn to try said cause, the bill of indictment read to the court and jury, and this defendant was called upon to plead to same. He filed and presented his plea of former jeopardy, which was by the court stricken out on exceptions and motion by the State, whereupon the defendant refused to further plead, and then the court entered a plea of not guilty for the defendant, to all of which action of the court the defendant then and there excepted and reserved his bill of exceptions. That this defendant objected to and protested against the discharge of the jury on the first trial is among the other matters set up and plead in his plea of former jeopardy.

*B. B. Beaird, W. E. Donley,* and *Ed B. Ward,* for appellant, as to the error in striking out the plea of former jeopardy, cited: 5th amendment to U. S. Const., art. 9; sec. 14 of White's C. C. P. of Texas; all authorities cited in White's C. C. P. of Texas, especially Powell v. State, 17 Texas Crim. App., 345; Pisano v. State, 20 Texas Crim. App., 139.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of burglary, and his punishment assessed at two years confinement in the penitentiary.

Appellant filed a plea of former jeopardy setting up the fact that he had been legally tried under an indictment charging him with the theft of the property for which he was convicted in this case. The indictment in the former case charged the ownership of the property in A. and

I. Martin. The indictment in this case charges the ownership of the property to be in A. Martin. The court sustained the motion of the district attorney to strike out the plea of former jeopardy, and appellant reserved his exceptions. The court appends the following qualification to the bill: "The first indictment charged the property to belong to A. and I. Martin. The indictment was defective. There was motion made to quash the indictment. When I discovered the indictment was defective, after the jury had been out twenty-two hours, and it appearing that there was chance for them to reach a verdict, I brought them in and discharged them without any consultation with either the district attorney or the defendant's attorneys." There was no error in the ruling of the court. While it is true, as held in Powell v. State, 17 Texas Crim. App., 345, that an arbitrary discharge of the jury would authorize a successful plea of former jeopardy, and especially where the trial court certifies that the jury was about to agree on a verdict, as in this case, still the trial court did not err in striking out appellant's plea of former jeopardy, because appellant could not be legally convicted under the former indictment for the charge as contained in the present indictment. In other words, in order to make out a conviction under the former indictment, the State would be required to prove that the property was that of A. and I. Martin. Under the present indictment, the State would only be required to prove that the property was that of A. Martin. A similar question to the one here considered was discussed by this court in Wheelock v. State, 38 S. W. Rep., 182.

Appellant's second assignment complains of the following portion of the court's charge: "If the jury believes from the evidence beyond a reasonable doubt that the rings in question were stolen by some one, and that recently thereafter they were found in possession of defendant, and at the time he gave an explanation of his possession which is reasonable, consistent with his innocence, and probably true, then you will accept such explanation as true and you will not consider such possession, if any, for any purpose in arriving at your verdict. But should you find such explanation is not reasonable or that the same is not true, then you will take such possession, if any, with defendant's explanation, and all the other facts and circumstances in evidence; and if you find beyond a reasonable doubt that defendant is guilty, you will convict him, otherwise you will acquit him." This charge is not correct. If appellant's explanation of his possession is correct, the jury should acquit him. But this charge tells the jury they could not consider it for any purpose, if they find it correct. Appellant requested the court to give the following charge, which was refused: "If you believe from the evidence that the property alleged to have been stolen from the house of the said A. Martin, was found in the possession of defendant recently thereafter, that when first accused of the theft of said property found in his possession (if you find that he had the property) he made an explanation of how he came by it, and you further believe that such explanation is reasonable and probably true, and accounted for defendant's possession in a

manner consistent with his innocence, then you will acquit defendant, unless, if, on the contrary, you believe such explanation was unreasonable and did not account for defendant's possession in a manner consistent with his innocence, but the State has shown the falsity thereof, then you will take the possession of defendant, together with his explanation in connection with all the other facts and circumstances, if any, in evidence, and if you believe defendant guilty beyond a reasonable doubt, you will so find, otherwise you will acquit." This charge should have been given, as it is a substantial copy of various similar charges approved by this court. Lacy v. State, 31 Texas Crim. Rep., 78.

There are various other matters complained of by apellant, but as they are not likely to arise upon another trial we do not deem it necessary to review them.

For the reasons indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded*