### Jesse Edgar v. The State.

#### No. 538. Decided April 13, 1910.

#### Rehearing denied May 11, 1910.

**1.—Local Option—Indictment—Grand Jury—Deputy Sheriff.**

A deputy sheriff is not disqualified by law to act as a grand juror although he has the privilege of excusing himself as a juror; and the fact that one of the jurors was a deputy sheriff will not vitiate the indictment; besides the juror was not challenged at the time the grand jury was impaneled. Following Owens v. State, 25 Texas Crim. App., 552, and other cases.

**2.—Same—Jury and Jury Law—Challenge for Cause.**

Where, upon trial for a violation of the local option law, the jurors were objected to on the ground that they had tried defendant in another case and convicted him, and it developed that the purchaser in the case tried was not the same as the one alleged in the indictment for which defendant was being tried, and that the environments and conditions of the case which had been tried were different from the one which was being tried, there was no error in overruling challenges for cause of said jurors, they answering that they would try the case according to the law and the evidence. Distinguishing Holmes v. State, 52 Texas Crim. Rep., 353.

**3.—Same—Evidence—Publication—County Judge.**

Where, upon trial of a violation of the local option law, it appeared that the order for the publication of the result of the election was not made by the county judge personally but under his direction, there was no error. Following Coleman v. State, 54 Texas Crim. Rep., 396.

**4.—Same—Evidence—General Reputation of Witness.**

Where, upon appeal from a conviction of a violation of the local option law, the bill of exceptions failed to show that the State's witness was not attacked, the objection that the State could not prove the general reputation of its witness could not be considered.

Appeal from the County Court of Upshur. Tried below before the Honorable Albert Maberry.

Appeal from a violation of the local option law; penalty, a fine of $100 and sixty days confinement in the county jail.

The opinion states the case.

*J. P. Hart,* and *Warren & Briggs,* for appellant.—Cited cases in opinion.

*John A. Mobley,* Assistant Attorney-General, for the State.—Cited cases in opinion.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of violating the local option law.

1. He reserved a bill of exceptions to the court's refusal to quash the indictment. The ground stated was that the instrument was not returned by a legal grand jury in that one of the jurors, and who signed his name as foreman, was a deputy sheriff of the county and held a commission as such at the time he served as foreman of the grand jury. The evidence bearing upon this, perpetuated in the bill shows that the sheriff testified that Green, the foreman of the grand jury, was appointed by him as deputy two years before; that he issued a commission to him to act as such deputy, and that Green complied with the law by taking the oath of office and giving bond; that he had acted as such deputy and discharged his ordinary duties as deputy sheriff; that he had never resigned as such deputy so far as the sheriff knew; that he was at that time acting as deputy sheriff under the original appointment and commission; that after the adjournment of the court at which the bill of indictment was found, Green brought in a party who was charged with a violation of the law, to wit: carrying a pistol, and turned him over to the sheriff. It is further stated by the witness that Green was appointed during the sheriff's first term of office, that he, the witness, was then occupying the office of sheriff for the second term, and that Green had not been recommissioned and did not act as deputy sheriff during the sitting of the grand jury. We are of opinion this did not constitute a sufficient ground to authorize a quashal of the indictment. Green, by reason of his being deputy sheriff, was not disqualified by law to act as grand juror. It has been held that the exemption from jury service of justices of the peace and deputy sheriffs, they being civil officers, is a personal privilege to be only claimed or waived by them. Such officers are not dis-

qualified by the articles of the Code defining the qualifications of grand jurors; nor by that enumerating the grounds upon which the array of the grand jury may be challenged. Owens v. State, 25 Texas Crim. App., 552. Objection to the qualification of a person proposed to be impaneled as a grand juror must be made by challenge only, and in no other way can such objection be made. Doss v. State, 28 Texas Crim. App., 506; Lacy v. State, 31 Texas Crim. Rep., 78. Article 378 of White's Annotated Code of Criminal Procedure, provides who are qualified grand jurors and the necessary qualifications. He must be a citizen of the State and county in which he is to serve and qualified under the Constitution and laws to vote in said county; he must be a freeholder within the State or a householder within the county; he must be of sound mind and of good moral character, able to read and write, and must not have been convicted of a felony, and he must not be under indictment or other legal accusation of theft or of any felony. Deputy sheriffs and other civil officers are not disqualified under that clause of the statute. Article 401 of the Code of Criminal Procedure is as follows: "A challenge to a particular juror may be made orally, and for the following causes only: 1. That he is not a qualified grand juror. 2. That he is the prosecutor upon an accusation against the person making the challenge. 3. That he is related by consanguinity or affinity to some person who has been held to bail, or who is in confinement upon a criminal accusation."

Construing this statute, the court has held that the exemption from the jury service of deputy sheriffs and civil officers, is a personal privilege to be claimed or waived by them, and they are not disqualified by the articles of the Code defining the qualifications of grand jurors, nor by that enumerating the grounds upon which the array of that body may be challenged. As a general rule, the above statutes must be followed in order for the accused to take advantage of a challenge to the array or to a particular juror. If the grand juror, however, was disqualified from sitting, still the question can be raised on the ground that a person was present with the grand jury during its deliberations not authorized to be present, and the latter rule would apply to any person who was present without legal authority or who was inhibited from being present. That is a well settled rule. But the juror Green, mentioned in this case, is not brought within that rule. He was not challenged at the time the grand jury was impaneled, served on the grand jury and was not disqualified. Under the authority of Owen v. State, *supra,* Green was not brought within the rule that he was an unauthorized person present at the time of the voting on the bill of indictment. It was too late under the circumstances of this case to undertake to challenge the juror Green in motion to quash the indictment. There was no error on the part of the court refusing to quash the indictment.

2.   There is another bill of exceptions which recites that when the jury for the week was tendered appellant, he interrogated them on their *voir dire* and propounded to Stephens, Jones, Martin, Blunt, Williams and Pickett the following question: "Did you not serve as juror in case No. 2127 in this court, wherein this defendant was also defendant in that case, on charge of selling intoxicating liquors in violation of the local option laws? And did you not in that case return a verdict of guilty and assess his punishment at a fine of $100 and twenty days in the county jail? And did you not determine that said defendant was a law breaker, and engaged in the sale of intoxicating liquors?" These questions were answered in the affirmative. Then each juror further stated that they had formed no opinion in this case, and could and would render a fair and impartial verdict based on the evidence introduced in this case, and without regard to any opinion they may have formed in the other case, or any facts in the other case. Appellant challenged each of the jurors for cause, because they were biased and prejudiced against him, and had determined him in advance to be a lawbreaker, and engaged in unlawfully selling intoxicating liquors, and were not such fair and impartial jurors as he was entitled to have to try his case. These challenges were overruled and appellant compelled to strike from the list containing the jurors and to exhaust his challenges on the jurors named, which he did and was forced to trial with one of said jurors, namely, John Blunt. This left him no further challenges to other jurors of the panel. The judge makes this statement to the bill: "I can not agree to this bill with reference to the answers to the following questions: 'Did you not determine that said defendant was a lawbreaker, and engaged in the sale of intoxicating liquor? Have you not that opinion now?' The answers given in the bill are not the full answers of the said jurors. They answered only with reference to the case inquired about, in which the time of sale and the witnesses were altogether different, and modified their answers to all questions asked by counsel so as to show that the conclusion reached in the former case has no bearing upon them in any other. There were twelve of the regular drawn jurors for the week, these being six of said jurors. With the above explanation, I approve this —— day of ——, 1909." The bill is signed by the county judge. Under the statement and qualification of the judge, we are of opinion his ruling is correct. These jurors stated they could give appellant a fair trial, and had no conclusion as to this case such as would influence them in any way. See Arnold v. State, 38 Texas Crim. Rep., 5; Anderson v. State, 34 Texas Crim. Rep., 96. Appellant relied upon the case of Holmes v. State, 52 Texas Crim. Rep., 353. That case is not in point. In that case the accused had been tried for violating the local option law and convicted. He was placed upon trial for another violation of said law before the same jury, or rather was tendered the same jury out of

which to select a jury by whom to be tried. The facts showed that appellant was tried in two cases for selling to the same purchaser. Under the peculiar facts of that case and its environments, this court held that the accused was entitled to another jury, that the jury had determined the matter practically against him in the former trial. We are of opinion that the Holmes case was correct under the conditions shown in that record, but that it is inapplicable to this case. The purchaser here is not shown to be the same man, and the environments and conditions of the case with its attendant facts and circumstances are different. We are of opinion, under this record, the court was not in error.

3. Another bill of exceptions recites that a portion of the Commissioners' Court minutes, which purports to be an entry by the county judge of Upshur County of the fact of publication of the order of the Commissioners' Court declaring the result of the election prohibiting the sale of intoxicating liquors in the county, was offered in evidence. Appellant excepted because said entry was not made by the county judge but by A. F. Shepherd, a deputy county clerk, and the law only authorized such entry to be made by the county judge, and he can not delegate such authority to any one else, etc. This is not a valid objection. This question was decided adversely to appellant in Coleman v. State, 54 Texas Crim. Rep., 396. For a discussion of the matter, see that case.

4. Another bill recites that the State placed Henry Stegall on the stand as a witness and asked him whether he was acquainted with the general reputation of the prosecuting witness Baird for truth and veracity. The witness answered in the affirmative, whereupon the State asked the witness if said reputation was good or bad. Appellant objected because it was incompetent for the State to bolster up or support its witness by evidence of general reputation. The court overruled the objection, and the witness answered as follows: "His reputation for truth and veracity is good." This bill is approved by the county judge. This bill as presented does not manifest error. In order to have a bill considered, its contents must be sufficient to show that the ruling of the court was erroneous. A witness may or may not be attacked and supported as to reputation for truth and veracity, according to other circumstances. If the witness had been in any manner impeached or his credibility attacked as a witness in some way pointed out by the law, the State would be authorized to sustain that reputation by showing it to be good in the respect in which it was attacked or assailed. This bill fails to show that the witness was not attacked, and so far as its contents are concerned, his reputation in the respect mentioned may have been assailed. The bill should have shown, in order to avail appellant of this ground, that the reputation of the witness Baird had not been attacked or assailed. The legal presump-

tion is that the trial court ruled correctly. The assailing party must show the matter otherwise in order to take advantage of the supposed erroneous ruling. This was not done by this bill, and, therefore, the question is not revisable. The presumption will obtain that the ruling of the court was correct.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied May 11, 1910.—Reporter.]