E. C. COZART v. THE STATE.

No. 4132.   Decided October 4, 1916.

**1.—Burglary—Explanation—Recently Stolen Property—Charge of Court.**

Where, upon trial of burglary, defendant claimed to have bought the property alleged to have been stolen and found in his possession, and such explanation was found by the jury to be unreasonable and untrue, under a proper charge of the court, there was no reversible error. Following Wheeler v. State, 34 Texas Crim. Rep., 350, and other cases.

**2.—Same—Alibi—Charge of Court.**

Where, upon trial of burglary, the defendant claimed that he bought the alleged stolen property, and the evidence did not raise the issue of an alibi, there was no error in the court's failure to charge thereon; besides he submitted a charge on circumstantial evidence and reasonable doubt.

**3.—Same—Bill of Exceptions—Requested Charge.**

Where the bill of exceptions to the court's failure to submit defendant's requested charge was too general for review, there is no reversible error.

Appeal from the District Court of Bexar. Tried below before the Hon. W. S. Anderson.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, Presiding Judge.—Appellant was convicted of burglary, with the lowest punishment assessed.

The uncontradicted testimony shows that during the night of December 29, 1915, Mr. Threlkeld's chicken house, in San Antonio, was burglarized and some seventy-five chickens, sixty-five of them fine black Minorcas, and a can of oil, were stolen therefrom at the time. The Minorcas were worth from $1 to $1.50 each. Threlkeld discovered the burglary and theft before daylight on the morning of December 30th, and at once began to search for his stolen property. He soon located forty-five of his chickens in Mr. Werbner's coops. Werbner showed he had bought them from appellant early that morning, and took Threlkeld and the officers to appellant and identified him as the party from whom he had bought them. The other chickens could not be found. Appellant admitted he had bought some "four and one-half or five dozen more or less" chickens, very early that morning from a man, a stranger, who looked, and was dressed, like a farmer and had a farm wagon. These chickens, found at Werbner's, were part of them. Appellant's wagon was searched at the time, and Threlkeld's stolen can of oil, with wood piled around it, and covered with a coat or wagon sheet, found therein. Appellant's defense was that he bought the property. We do not give all the evidence, nor conclusions therefrom.

When the trial judge first prepared his charge, as the statute requires, he submitted it to appellant's attorneys. They then filed with him their objections thereto—a large number of objections. Upon consideration whereof the judge evidently made changes in his charge and at least met some of them. The record does not furnish us sufficient data from which we can definitely tell what the original charge was, nor all the changes therein. From the objections and charge as it now is, we can see that some changes were made and objections met.

In appellant's first bill he claims the judge erred in not peremptorily charging the jury to acquit him, "because the State did not controvert his explanation when first questioned as to his possession of the recently stolen property, and that his explanation was reasonable and probably true from the uncontroverted evidence," and in refusing his special charge to that effect. Appellant was mistaken in claiming the State did not contest his explanation. It did so vigorously, and the whole evidence was amply sufficient to justify the jury, without doubt, to find, as it evidently did, that his explanation was both unreasonable and untrue. We see no necessity of reciting the testimony. (2 Branch Ann. P. C., p. 1283, and cases collated.) The court properly admitted these questions to the jury in a correct charge such as has uniformly been approved. Wheeler v. State, 34 Texas Crim. Rep., 350; id., 38 Texas Crim. Rep., 71; Lovelace v. State, 45 Texas Crim. Rep., 261; Roberts v. State, 60 Texas Crim. Rep., 20; Bacon v. State, 61 Texas Crim. Rep., 206. It is useless to collate the large number of other cases to the same effect.

What we have said as to appellant's first bill disposes of his second and third on the same point.

In his next he complains the court erred in not submitting alibi in his charge. This was not his defense. His defense was that he bought the stolen property from a stranger, and neither stole the property nor burglarized the house. The judge qualified and explained this bill in quite a lengthy statement. Among other things he said: "That there was no evidence in the record to require the submission of the issue of alibi, for the following reasons: The testimony in this case showed that the offense was committed between 6 p. m. on December 29, 1914, and 6 a. m. on December 30, 1914, and there was no testimony to show that the defendant was anywhere except at the place of the commission of the offense at that time." He then proceeded to make further statements bearing out and supporting that quoted, and followed with a verbatim statement of several pages in question and answer form of the testimony claimed to raise this issue. We have read and considered the whole, and can not say the trial judge was incorrect. Appellant himself testified. He, by his testimony, in no way raised such an issue. Of all witnesses, he would know where he was, and if not at the place when the burglary and theft was committed at the time, would doubtless have testified exactly where he was. The only testimony claimed to suggest the issue was that of his wife. But we think if hers could be considered as suggesting the issue, it did not do so sufficiently to require the judge to submit that question. Davis v. State, 28 Texas Crim. App., 542; Bishop v. State, 43 Texas Crim. Rep., 390; Cunningham v. State, 17 Texas Crim. App., 89; Elam v. State, 16 Texas Crim. App., 34; Coffman v. State, 65 Texas Crim. Rep., 303; Wilson v. State, 60 Texas Crim. Rep., 1; Lopez v. State, 73 Texas Crim. Rep., 624; Treadway v. State, 65 Texas Crim. Rep., 208, and many other cases. Besides the court in clear and plain in-

structions, among other things, told the jury: They must believe from the evidence beyond a reasonable doubt that the defendant, by force in the night time, did enter the house of said Threlkeld, as charged in the indictment, with the intent to commit the crime of theft, before they could convict him. And, that he was presumed to be innocent until his guilt was established by legal evidence beyond a reasonable doubt, and if they had a reasonable doubt of his guilt to acquit him and say by their verdict not guilty. The judge further gave an accurate and full charge on circumstantial evidence, and told the jury: "The circumstances, taken together, must be of a · conclusive nature, leading, on the whole, to a satisfactory conclusion, and producing in effect a reasonable and moral certainty *that. the accused, and no other person,* committed the offense charged. It is not sufficient that the circumstances coincide with, account for, and, therefore, render probable, the guilt of defendant; *they must exclude to a moral certainty every other reasonable hypothesis except the defendant's guilt, and unless they do so beyond a reasonable doubt, you will find the defendant not guilty."* So that in no contingency does this bill present reversible error.

Appellant's only other bill is too general for review. In it he merely excepted to the court's refusal to give his special charges—there were several—or correct his main charge to conform to all his objections.

The judgment is affirmed.

*Affirmed.*