

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

:AWFORD C. MARTIN
:TTORNEY GENERAL

May 11, 1971

Honorable Joe Resweber
County Attorney
Harris County Courthouse
Houston, Texas   77002

Opinion No. M-855

Re:   Retention of earned jury
      fees by county clerk
      deputies.

Dear Mr. Resweber:

Your request for an opinion on the above subject matter asks the following question:

"Can a Deputy County Clerk of Harris County, who is paid his regular salary, retain a check received by said Deputy County Clerk for jury service or should he endorse such check over to the County Treasurer pursuant to Harris County Personnel Regulations?"

In Attorney General's Opinion O-6185 (1945), the conclusion was reached that,

"Jury fees, not being listed by statute, are not 'fees of office' and need not be paid into the Officers Salary Fund when collected by a county officer.

"In cases where county employees receive jury fees in addition to their regular salaries, they are not receiving extra salaries or wages from the county, since jury fees are not considered salaries or wages. They are more in the nature of an allowance or gratuity. Jury service being a 'duty', the juror is entitled to no compensation. 31 Am.Jur., Section 57, p. 597. Most states, however, have statutes providing a fee for such service."

Two years later, in Attorney General's Opinion V-371 (1947), the right of state and county officers or employees to serve on grand or petit juries was recognized by this office:

"It has been held many times that officers or employees of the State or County are qualified

to serve as grand or petit jurors. Edgar v. State, Crim.App., 127 S.W. 1053; Mingo v. State, Crim. App., 133 S.W. 882; Counts v. State, Crim.App., 181 S.W. 723.

" . . .

"A state employee may receive and use fees received by him for jury service without any deductions in his State pay, if such person also discharges the duties assigned to him by the Head of the Department in which he works. If not, leave of absence should be granted without pay during such jury service. Sec. 33 and 40, Art. XVI, Texas Constitution; Sec. 2(14)c Ch. 400, S.B. 391, Acts 50th Legislature, 1947."

In view of the foregoing, you are advised that jury fees paid the deputy county clerk for his own personal jury service should be retained by the deputy county clerk, since there is no obligation to return such compensation to the county.

## S U M M A R Y

County employees who receive jury fees for jury service are entitled to retain such jury pay in addition to their salary as a county employee. There is no obligation on their part to return such compensation to the county.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
William J. Craig
Glenn Brown
Fisher Tyler
Roland Allen

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant