JOHN WHEELER v. THE STATE.

No. 1131. Decided June 23, 1897.

1. **Theft of Hogs—Recent Possession and Reasonable Explanation—Charge.**

On a trial for hog theft, where the court charged the jury with regard to defendant's recent possession and reasonable explanation, as follows: "If you believe from the evidence that the hogs described in the indictment had been stolen from D., and that recently thereafter the defendant was found in possession of them; and when his possession was first questioned he made an explanation of how he came by them; and you believe that such explanation is reasonable and probably true, and accounted for defendant's possession in a manner consistent with his innocence, then you will consider such explanation as true and acquit the defendant. If, on the contrary, such explanation was unreasonable, and did not account for defendant's possession in a manner consistent with his innocence, but the State has shown the falsity thereof, then you will take the possession of the defendant, together with all the other facts and circumstances, if any, in evidence, and if you believe the defendant guilty, beyond a reasonable doubt, you will so find—otherwise, you will acquit the defendant." Held, not to be obnoxious to the objection that it is upon the weight of evidence, is contradictory and calculated to mislead, and requires the jury not only to believe the explanation was reasonable and probably true, but further imposes upon defendant the burden to show that the explanation was consistent with his innocence. Following Wheeler v. State, 34 Texas Crim. Rep., 350. ·

2. **Same—Purchase—Receiving, etc.—Charge.**

On a trial for theft of hogs, where the defense was a purchase by defendant, and the court, in effect, instructed the jury that they should acquit, if they had a reasonable doubt as to such purchase; that they could in no event convict, unless defendant participated in the original fraudulent taking; that no subsequent connection with them, even though defendant knew they were stolen, would authorize his conviction, and that the receiving of the hogs by defendant with guilty knowledge that they were stolen, would not authorize his conviction. Held, defendant had no grounds of complaint.

3. **Same—Bill of Sale—Charge.**

On a trial for theft of hogs, where the defense was a purchase, a charge as to a bill of sale was sufficient which instructed the jury: "The law requires of a butcher that he take a bill of sale of cattle, etc., but no law exists requiring a purchaser of hogs to take a bill of sale therefor, to show his good faith in possession."

APPEAL from the District Court of Wharton. Tried below before Hon. T. S. REESE.

Appeal from a conviction for theft of hogs; penalty, two years imprisonment in the penitentiary.

This is the second appeal in this case, and the material facts are shown in the opinion upon the first appeal. See Wheeler v. State, 34 Texas Crim. Rep., 350.

*Linn & Mitchell, Dennis & Dennis,* for appellant.—1. The evidence is insufficient to suppport the verdict.

2. Participation in the original taking of the property must be shown by competent evidence, or the defendant is entitled to an acquittal. Lacy v. State, 31 Texas Crim. Rep., 78; Curlin v. State, 23 Texas Crim. App., 681, and cases cited.

3. Proof of a reasonable, natural, and probable explanation by defendant of his possession rebuts and destroys the presumption arising from recent possession, and devolves the burden of proving its falsity before a conviction is warranted. Irvine v. State, 13 Texas Crim. App., 501; York v. State, 17 Texas Crim. App., 441, and cases cited; Brothers v. State, 22 Texas Crim. App., 463; Clark v. State, 22 Texas Crim. App., 603; Lacy v. State, 31 Texas Crim. Rep., 78.

4. The requirement in the charge of the court demanding that the defendant should make an explanation of his possession "consistent with his innocence," in addition to a reasonable, natural, and probable one, puts the burden of proof upon defendant of the actual truth of his explanation, and consequently of his innocence, and is upon the weight of evidence. See cases cited under proposition 3.

5. The requirement of an explanation consistent with defendant's innocence, in addition to a reasonable, natural, or probable one, is in direct conflict with the line of cases ending with the Lacy Case and the Curlin Case. The defendant is not required to show an honest possession or possession in good faith, nor an innocent possession. Lacy v. State, 31 Texas Crim. Rep., 78; Curlin v. State, 23 Texas Crim. App., 681.

6. The making of an unreasonable explanation is not an additional circumstance (or fact) showing guilt that may be used by the jury in considering defendant's guilt or innocence. The presumption from recent possession (where any kind of explanation is made) is insufficient to convict. The failure to make a reasonable explanation is merely a failure to make out one of the defenses to the charge of theft; and a charge specifically instructing the jury that they may consider an "unreasonable explanation" as one of the inculpatory facts and circumstances is upon the weight of evidence and destructive of the right to attempt to make the defense of reasonable explanation.

We find no case containing such a charge except Wheeler v. State, 34 Texas Crim. Rep., 350.

*Mann Trice,* Assistant Attorney-General, for the State.

[No brief found with the record.—Reporter.]

HENDERSON, JUDGE.—Appellant was convicted of the theft of hogs, and his punishment assessed at two years in the penitentiary; hence this appeal.

The only objections urged to the conviction below involve the charges given by the court. When appellant's right to said property was first challenged, he stated "that he had bought said hogs from a negro. He described the negro as a heavy-set man, wearing a white hat flopped down, and riding a bay pony with a roached mane. He said he did not know the man, but that John Collins was present, and perhaps knew him, and he might tell his name."

The court charged the jury on recent possession, in connection with defendant's explanation, said charge being as follows: "If you believe from the evidence that the hogs described in the indictment had been stolen from Sandy Diggs, and that recently thereafter the defendant was found in possession of them, and when his possession was first questioned he made an explanation of how he came by them, and you believe that such explanation is reasonable and probably true, and accounted for defendant's possession in a manner consistent with his innocence, then you will consider such explanation as true, and acquit the defendant. If, on the contrary, such explanation was unreasonable, and did not account for defendant's possession in a manner consistent with his innocence, or if you believe that the same accounted for defendant's possession in a manner consistent with his innocence, but the State has shown the falsity thereof, then you will take the possession of defendant, together with his explanation, in connection with all the other facts and circumstances, if any, in evidence; and, if you believe the defendant guilty beyond a reasonable doubt, you will so find; otherwise you will acquit the defendant."

Appellant insists that such charge is erroneous, among other things, as being upon the weight of the evidence, and because said charge is contradictory and calculated to mislead the jury; and he furthermore insists that said charge is erroneous because it requires the jury to believe, not only that the explanation given was reasonable and probably true, but that it added the further burden on the defendant to show that such explanation was consistent with his innocence; and with him agrees, also, the Assistant Attorney-General. The charge given on this trial was the same formulated and commended by this court on a former appeal of this case. Wheeler v. State, 34 Texas Crim. Rep., 350. We examined the cases thoroughly at that time, and see no reason for changing our view. The case of Lacy v. State, 31 Texas Crim. Rep., 78, is not in point. In that case, which was a conviction for the theft of a mare, the charge upon this phase was "that if the mare was Baxter's property, and if defendant gave a reasonable account of his possession, showing such pos-

session to be honest, such account must be taken as true until overcome by evidence satisfying the jury beyond any reasonable doubt that the possession was fraudulent." In that case the court say "that this charge added the additional burden on the defendant to show that his explanation or claim of the property was honest;" and it further says "that although his possession be dishonest and fraudulent, yet he may not be guilty of the theft. Thus, if, after the theft, he purchased the horse, knowing it to have been stolen, he could not be convicted of theft, because he was not concerned in the original taking, but the defendant may be convicted of receiving stolen property." We can see how such a charge would add an additional burden on defendant in the particular case; that is, the charge in question required him to prove that he acquired the property honestly, before they would acquit him on said explanation. Curlin v. State, 23 Texas Crim. App., 681, is referred to. In that case the charge required the jury to believe that the defendant bought the heifer in good faith, before they would acquit. Now, the charge in these cases is not at all like the charge here given. Here the jury are told that if they believe the explanation given by the defendant at the time was reasonable and probably true, and accounted for defendant's possession in a manner consistent with his innocence, then to acquit. What benefit would an explanation given by a defendant, when found in possession of the property, be to him, if it was reasonable and probably true, but showed his guilt? Certainly he could not ask to be acquitted on such an explanation. The very basis of the defensive charge on explanation, and the reason for giving it, is that it accounts for his possession of the property in a manner consistent with his innocence of the charge on which he is being tried. No other explanation, however reasonable it might be, or however true it might appear, would authorize the court to instruct the jury to acquit. It must be, in the nature of things, an explanation consistent with his innocence of the charge. The counter portion of the charge is by no means upon the weight of the testimony. It tells the jury that, if the defendant's explanation was unreasonable, and did not account for his possession in a manner consistent with his innocence, or such explanation accounted for said defendant's possession in a manner consistent with his innocence, but the State had shown the falsity thereof, then they were authorized to take such possession, along with his explanation, in connection with all the other facts and circumstances of the case, and if, from all the facts and circumstances, they believed the defendant guilty beyond a reasonable doubt, to convict him; otherwise to find him not guilty. We are at a loss to conceive how a charge upon this subject could be presented in fairer language, and the objections thereto are not only not sound, but they are not even plausible. Besides this, the defense involved in this explanation was the purchase of the hogs in question; and, in addition to the charge on explanation, the court gave a charge based on the alleged purchase of the hogs by the defendant, and the jury were instructed that if they believed from the evidence that the defendant bought the hogs, or

if they had a reasonable doubt whether or not he bought the hogs, to acquit him. They were further instructed, that if defendant was not present and did not participate in the original taking of the hogs, no subsequent connection of the defendant with the hogs, after they were taken, would justify his conviction, even though he knew they had been stolen. They were further instructed that the receiving of the hogs by the defendant, with guilty knowledge on his part that they were stolen, would not authorize his conviction. What more on this subject the defendant could have asked is beyond our comprehension to conceive. His rights were more than guarded and protected by the charge of the court given, covering every phase of his defense.

It is also complained that the court erred in eliminating from the special instruction requested by appellant a part thereof. It seems from the testimony that the appellant took no bill of sale of the hogs on his alleged purchase. On this phase of the case the following instruction was requested by him, and given in part by the court, to wit: "You are instructed that the law requires of a butcher that he take a bill of sale to cattle bought and slaughtered by him as such butcher, but (such is not the case as regards hogs purchased. The title and ownership of hogs is transferred by delivery, and there is no necessity for, and) no law exists requiring a purchaser of hogs to take a bill of sale therefor, to show his good faith in the possession." From this charge was eliminated what is contained in the parenthesis above, so that the charge as given by the court read as follows: "You are instructed that the law requires of a butcher that he take a bill of sale to cattle bought and slaughtered by him as such butcher, but no law exists requiring a purchaser of hogs to take a bill of sale therefor, to show his good faith in the possession." If there was any necessity to give the charge at all, that given by the court was sufficient. It comprises all that was essential in the charge as originally requested.

We have examined the record carefully, and in our opinion the testimony amply supports the verdict. There being no errors, the judgment is affirmed.

*Affirmed.*