## V. E. POYNER v. THE STATE.

### No. 1769. Decided May 31, 1899.

**1. Incest—Evidence—Declarations of Prosecutrix—Res Gestae.**

On a trial for incest, it is not competent to prove the statements made by the prosecutrix to her father just after the birth of her child, that defendant was its father. Such statements were not res gestae of the act of copulation some nine months before, that being the matter for which defendant was being prosecuted. Nor was the statement admissible as a part of the res gestae of the birth of the child, it being made after the child was born.

**2. Same.**

Such declarations or statements as those mentioned in the above paragraph are inadmissible on cross-examination to corroborate the prosecutrix, where it has not been shown that she had told a different tale in regard to her acts of carnal intercourse inconsistent with her testimony on the stand.

**3. Same.**

On a trial for incest, it is not competent or admissible to prove that a short time after the birth of her child, when the defendant came into the presence of the prosecutrix, she charged him with being the father of her child.

**4. Same.**

On a trial for incest, where no attempt had been made by defendant to show that the prosecutrix had ever made any other statement with regard to the paternity of the child than that defendant was its father, as sworn to by her as a witness, it was not competent for the State to prove that she had never accused anyone else than defendant of being the father of her child, and the fact that the father of the prosecutrix had stated as a witness that prosecutrix had lied to him as to the paternity of her child, did not make such testimony admissible.

**5. Impeachment of Witness—Charge of Court.**

Where the court charged the jury: "A witness may be impeached by showing by another or other witnesses that the witness sought to be impeached has made statements out of court inconsistent with and contradictory of the statements testified to by the witness. You are not bound to disbelieve the witness sought to be impeached, but the testimony is still before you to be given by you such weight as you think it is entitled to." Held, the charge was erroneous, and it was not necessary to give a charge upon this subject at all.

APPEAL from the District Court of Nacogdoches. Tried below before Hon. TOM C. DAVIS.

Appeal from a conviction for incest; penalty, two years imprisonment in the penitentiary.

The indictment charged appellant with incest by carnally knowing one Nannie Turner, a daughter of appellant's sister, and his niece.

This is a second appeal in this case. Poyner v. State, 47 Southwestern Reporter, 977, and on motion for rehearing in that case, 48 Southwestern Reporter, 516.

In view of the disposition made of this appeal, no statement is required to illustrate the questions decided.

*Branch, Garrison & Blount,* for appellant.

*Robt. A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of incest, and his punishment assessed at two years confinement in the penitentiary; hence this appeal.

The relationship between appellant and prosecutrix was conceded. The State's evidence showed, by the positive testimony of the prosecutrix, who was an accomplice, carnal intercourse between her and defendant, and the State introduced testimony which it claimed tended to corroborate her. Defendant took the stand on his own behalf, and denied any act of carnal intercourse between himself and prosecutrix; so that the crucial point in the case was whether or not appellant was the father of the child which prosecutrix gave birth to.

On the trial defendant objected to certain testimony of Jesse Turner (the father of the prosecutrix), and presented the question in the following bill of exceptions: "Be it remembered that, on the trial of the above entitled cause, the State offered to prove the following facts, viz.: By the witness Jesse Turner, while stating in connection with other facts: 'We gave Nannie a bath, and I went to bed. My oldest daughter was sitting up reading. I was asleep, and my older daughter woke me up screaming. I jumped up, and ran into the room, and asked her what was the matter. She said, "Listen in the room;" and I heard the baby screaming. I ran into the room where Nannie was, and says, "Who has done this?" Nannie said, "Verner." I then said "My God! Who has done this?" and she says, "Verner put it here," '—to which the counsel for defendant objected, for the following reasons, viz.: (1) Because the answer of the witness Nannie Turner, accusing defendant of being the father of the child, was in answer to questions asked her by her father; (2) because the same was not repeated, and the defendant was not present when said statement was made: (3) because, if any crime was committed, it was at the time the sexual intercourse was had, and statements made by prosecuting witness, Nannie Turner, after the birth of the child, is not admissible as res gestae, the defendant not being present; and the court overruled the objections,

and defendant excepted," etc. The judge appends the following explanation to this bill: "The matter came up in this way: The witness Turner said, 'I was awakened by my daughter Needy screaming. I sprang to my feet, and said, "What is the matter?" She said, "Listen in the other room." I heard the baby crying, and ran at once into the other room, where my daughter Nannie was lying in bed, and the baby was there crying. I said, "What was the matter, and who in the name of God done this?" She [Nannie] said, "Verner put it here."' "

It is suggested that this testimony was admitted as res gestae, and, from the explanation of the court, we gather that he admitted it on this ground. We can not so regard it. Appellant was prosecuted for an act of copulation, which happened some nine months before the birth of the child, and it can not be claimed that the evidence was a part of the res gestae of that act. Nor do we understand it now to be seriously contended by the Assistant Attorney-General that it is a part of the res gestae of the birth of the child. It is not an exclamation of pain or anything of that sort, but, after the child was born, it appears that, when her father came in, he asked her as to its paternity, and she attributed it to defendant. It is insisted that this testimony is admissible, because on the cross-examination of the prosecutrix, defendant attempted to show that she had formerly stated that the defendant did not copulate with her but twice, and she was also cross-examined as to the method in which appellant may have copulated with her. But even if we could go beyond the bill of exceptions, and look to the statement of facts, we do not believe this character of cross-examination would authorize the witness to corroborate herself in this method. We understand the rule to be, if it had been shown on the cross-examination of said witness that she had told a different story in regard to her acts of intercourse,—for instance, had stated that some one else was the father of her child,—then it would have been permissible on the part of the State, in order to corroborate her, to show that recently after the alleged offense she made the same statement as given by her in evidence on the trial. We have searched the record in vain, but find that she did not make a statement in regard to this matter inconsistent with her testimony on the stand. It is further insisted that, although this testimony may have been improperly admitted, yet it is harmless; and in that connection we are told that defendant, a short time after the birth of the child, came into the presence of the prosecutrix, and she there charged him with it. This he denied. This testimony itself was inadmissible. And also, in the same connection, that she testified to the same fact on the stand, and that, therefore, the testimony offered as to what she said, directly after the child was born, as to who was its father, was harmless. Evidently it was not regarded by the State, when introduced, as harmless. The State undoubtedly had a purpose in introducing this testimony, and it not only corroborated the prosecutrix's testimony while on the stand, but corroborated her testimony by a statement made under the circumstances narrated, and was calculated to impress the jury

with its truth. We can not conceive how it could prove otherwise than hurtful to appellant.

Nor do we believe the testimony presented in appellant's second bill of exceptions was admissible. The defendant had never shown, or attempted to show, that Nannie Turner had ever made any other statement in regard to the paternity of the child than that sworn to by her on the stand, and we do not believe it was competent for the State to show that she had never accused anyone else of being the father of her child. And the fact that Jesse Turner may have been cross-examined by defendant at length about his daughter's statement as to the paternity of the child, and about his having stated that she had lied to him, did not make this testimony admissible. It is not stated in the explanation by the judge what she had lied about to him. If she had made controverting statements as to the paternity of the child, this should have been explicitly stated in the bill.

Exception was also reserved to the following paragraph of the court's charge: "A witness may be impeached by showing by another or other witnesses that the said witness sought to be impeached has made statements out of the court inconsistent with, and contradictory of, the statements testified to by the witness. You are not bound to disbelieve the witness thus sought to be impeached, but the testimony is still before you, to be given by you such weight as you think it is entitled to." In this connection we are referred to Crockett v. State, ante, p. 173. There is some difference in the verbiage contained in the charge given in the Crockett Case and that here given. But it is difficult to conceive of a substantial difference between said charges. We do not believe the charge should have been given. It was not necessary to give a charge on this subject at all. The judgment is reversed, and the cause remanded.

*Reversed and remanded.*