## George Pridemore v. The State.

### No. 3755.     Decided May 27, 1908.

**1.—Incest—Evidence—Other Transactions.**

Upon trial for incest, after the State had introduced testimony locating the time and place of the alleged offense, there was no error that before this time the defendant and prosecutrix had been seen going together into the high weeds, etc., to show familiarity, no act of intercourse having been shown.

**2.—Same—Evidence—Exceptions Addressed to the Court.**

See opinion where upon trial for incest the State's counsel asked the State's witness as to statements made by the prosecutrix with reference to the paternity of her child, which was objected to by the defense as hearsay and the objection sustained by the court, and the bill stated that these matters were addressed to the court, etc.

**3.—Same—Evidence—Corroborating Witness.**

Where upon trial for incest, the record did not show that the prosecutrix had made statements out of court different from those she made in court, it was not permissible for State's counsel in order to corroborate prosecutrix to prove that she had on one and various occasions made statements out of court with reference to the paternity of her child similar to the testimony she gave in the case on trial. Neither was it permissible for the State's counsel to make statements in the presence of the jury which had the effect to indirectly corroborate said witness. Following Poyner v. State, 40 Texas Crim. Rep., 640; 51 S. W. Rep., 376.

**4.—Same—Evidence—Corroborating State's Witness.**

Upon trial for incest, it was inadmissible to permit the prosecuting attorney to testify that the prosecutrix had stated before the grand jury that the defendant was the father of her child.

**5.—Same—Evidence—Age of Prosecutrix.**

Upon trial for incest there was no error in permitting the prosecutrix to state her age at the time the defendant first proposed that she have carnal intercourse with him.

Appeal from the District Court of Lamar. Tried below before the Hon. Ben. H. Denton.

Appeal from a conviction of incest; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of incest and punishment assessed at five years confinement in the State penitentiary.

Bill of exceptions No. 1 shows that after the State by prosecutrix had located the time and place of the offense with which the defendant was charged and was then on trial, as being in the defendant's cotton field in the month of December, 1904; and after prosecutrix' brother had testified for the State in his direct examination that he saw the defendant and said prosecutrix in the act of copulation in said field in the late fall of the year 1904, and had otherwise by his testimony identified said act of copulation as the same about which the prosecutrix testified, and after said witness, prosecutrix' brother, had been cross-examined, the State by its district attorney asked said witness over appellant's objection, the following question: "I will ask you if along in the spring before this when you were down there chopping cotton, whether or not you saw your father, meaning the defendant, and Myrtle, meaning said prosecutrix, then go off anywhere?" The appellant objected to the question for the reason that the State had already by the testimony introduced, located the time and place of the

alleged offense for which appellant was then on trial, as being in the appellant's cotton field in the month of December, 1904, and it was not permissible for the State to go into any other transaction of that kind. The court overruled the objection. The witness testified: "Along in the spring before this when I was down there chopping cotton, I saw my father and Myrtle go off together down in the weeds. The weeds were about six feet high, I reckon. They were taller than a man's head. I could not see what they did while they were in the weeds. They were down there about half an hour." The court appends to the bill this explanation: "That no crime was proven by the witness as this testimony will show, but the same was admitted simply to show familiarity." We think the testimony admissible.

Bill No. 2 shows that while witness, M. S. Carpenter, sheriff of Lamar County, was on the stand after said witness had testified that he saw the prosecutrix, Myrtle Pridemore, on the night of the day on which she gave birth to a child, and after said prosecutrix while a witness, in behalf of the State in the trial of this cause, had testified that the defendant was father of said child, the State asked said witness, Carpenter, this question: "Did you hear her (meaning said prosecutrix) make a statement as to who the father of her child was?" Appellant objected to the question and the court sustained said objection and refused to permit said witness to answer who prosecutrix said was the father of the child. Whereupon the district attorney in the presence and hearing of the jury, and over the protest of appellant, made the following statement: "I am going to undertake to show that her statements were consistent from the very start; that from the very start she stated that her father was the daddy of her child and continued to say it all the time; her statements were consistent all the time. They have accused her, as young as she is, not only of lying against her father but of going out and manufacturing corroborating testimony, and we want to show that she stated then and also will undertake to show that she has stated all along that her father was the daddy of her child, and that her statements have been consistent all along." Appellant objected and stated that he wanted a bill of exceptions to the remarks of the district attorney made in the presence of the jury about what her testimony had been, because any testimony of that kind would be inadmissible and hearsay and made for the purpose of prejudicing the rights of appellant before the jury, and that he wanted the bill to show that the remarks of the district attorney were made after the court had sustained the objection by appellant. This bill is approved with this statement: "This was addressed to the court while the question of the admissibility of the testimony was up and after Myrtle Pridemore had been attacked by the defendant's counsel."

Bill No. 4 shows that the State placed the county attorney of Lamar County on the stand in rebuttal of the defense's testimony, and proved by him that he went to where prosecutrix was, on the night of the day that she gave birth to a child, and said county attorney was asked this question: "I will ask you who she then stated was the father of

her child?" Appellant objected for the reason that the testimony sought to be elicited by said question was hearsay testimony, not made in the presence and hearing of the appellant, that it was not binding on him and that the injured party could not be corroborated in that way, that she can not corroborate herself by hearsay statements not made in the presence of appellant. The objection was overruled and the witness answered that the prosecutrix at the time inquired about, stated that appellant was the father of her child. This bill is approved with this qualification: "The defendant's counsel in the cross-examination of the witness, Myrtle Pridemore, was rigid in the extreme by questions propounded to her attacking her virtue and attempting to show that her testimony was of recent fabrication and attempting to show that she was testifying under the influence of one Tom Templeton and in a conspiracy with said Tom Templeton to convict the defendant and shield said Tom Templeton." This explanation does not render the testimony admissible. It is always permissible for the defense to show the falsity of the State's case and it is never permissible for the State to show similar statements to that sworn to by its witness, unless the defense attempts to prove converse statements made by a witness out of court to those sworn to in court. The bill does not suggest that the defense had proved that prosecutrix made statements out of court different from what she swore in court. Therefore, it was not permissible or legal for the State to corroborate prosecutrix by proving that she had on one or various occasions, made statements out of court similar to the testimony she gave in this case. This exact question was before this court in the case of Poyner v. State, 40 Texas Crim. Rep., 640; 51 S. W. Rep., 376. There we held that the State cannot show, in a prosecution for incest, that prosecutrix never charged any one but accused with being the father of the child, where accused has made no attempt to impeach her testimony that accused was its father by proof of contradictory statements made by her. The State cannot show that fact, though a witness for the State had been cross-examined at length as to prosecutrix' statements to him concerning the paternity of the child, and that the witness had stated that she had lied to him. If the prosecutrix had made different statements out of court to that testified, then it is permissible for the State to prove contemporaneous statements made by her in consonance with her testimony, but unless this is done, it is not proper to permit a witness to corroborate herself in the manner that was here done. See also Clark v. State, 39 Texas Crim. Rep., 179. It follows therefore, the court was in error in permitting the testimony introduced. It also follows that the county attorney should not have made the statement in the presence of the jury of facts indirectly that had the illegal purpose of corroborating a witness in the manner shown in bill of exceptions No. 4. We are apprised of the fact that the rules give great latitude in suggesting evidence, but we do not think it should go to the extent of permitting the prosecuting attorney to state to the

jury what the witness would swear to as was done in this case. To do so, even if same is excluded, to a large extent, is getting testimony before the jury without proving it.

Bill No. 5 shows that the county attorney was permitted to testify that the prosecutrix stated before the grand jury that appellant was the father of her child. This testimony was also inadmissible for the reasons above suggested.

Bill No. 3, complains that the prosecuting witness was permitted to testify to the following question: "How old were you when your father first made the proposition to you to have carnal intercourse with him?" Over appellant's objection she was permitted to testify that she was about thirteen years of age. The record shows that she was about seventeen at the time of this prosecution. We see no error in this ruling. Anything that goes to show a persistent effort to debauch, and domination of appellant over the child by brutal treatment or filthy familiarity, is always admissible testimony in cases of this character.

For the errors pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*