## WILL SAYE v. THE STATE.

### No. 3976.  Decided October 28, 1908.

**1.—Aggravated Assault—Indictment.**

Upon trial for aggravated assault is was not necessary to allege in the indictment defendant's intent to injure.

**2.—Same—Evidence—Outcry—Cross-Examination.**

Upon trial for aggravated assault for indecent familiarity upon a female, where there was no attempt by the defense to prove statements contradictory of prosecutrix's testimony on the trial, it was reversible error to permit the State on cross-examination and to admit in evidence testimony of the prosecutrix that she had told her mother what had happened between prosecutrix and the defendant some weeks after it had happened. This does not come under the rule of recent outcry.

**3.—Same—Charge of Court—Indecent Familiarity.**

Upon trial of aggravated assault for indecent familiarity with a female, where the defendant requested a charge applicable to the facts in evidence, the same should have been submitted, inasmuch as the court's charge was not sufficiently full on this issue.

Appeal from the County Court of Delta.  Tried below before the Hon. Jno. L. Ratliff.

Appeal from a conviction of aggravated assault; penalty, a fine of $100, and thirty days confinement in the county jail.

The opinion states the case.

*Patteson & Sharp*, for appellant.—On question of evidence: Veal v. State, 8 Texas Crim. App., 476.  On question of charge of

court: Koen v. State, 50 Texas Crim. Rep., 145; 16 Texas Ct. Rep., 629.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was fined $100 and thirty days confinement in the county jail.

The charging part of the indictment is as follows: "Will Saye on or about the 15th day of July in the year of our Lord, one thousand nine hundred and six, and anterior to the presentment of this indictment in the county of Delta and State of Texas, did then and there unlawfully commit an aggravated assault upon the person of Greetie Fowler by fondling, holding and embracing the said Greetie Fowler in an indecent manner. The said Greetie Fowler being then and there a female and the said Will Saye being then and there an adult male."

Appellant filed a motion to quash the indictment on the ground that it does not allege his intent to injure. This is not necessary in an indictment for either an assault or an aggravated assault. See Webb v. State, 35 S. W. Rep., 380.

The court charged all the law that is applicable to the facts of this case. The evidence is in strict accord with the allegations in the indictment. We have carefully reviewed all of appellant's special charges and find that all that were applicable to this case were covered by the main charge of the court.

Finding no error in this record, the judgment is affirmed.

*Affirmed.*

Ramsey, Judge, absent.

### ON REHEARING.

#### December 12, 1908.

BROOKS, JUDGE.—This case was affirmed at a former sitting of this court, and now comes before us on motion for rehearing.

Appellant insists the court erred in overruling defendant's fourth assignment of error, which shows he complains of the action of the lower court in permitting the prosecutrix to testify as follows: "I told my mother sometime afterwards, perhaps two weeks," in answer to the question of the county attorney who had asked the following question: "Did you tell your mother what had occurred between you and Will Saye down in the corn field?" The bill of exceptions presenting this matter shows the following: The county attorney, over objection of appellant, asked the prosecutrix the following question: "Q. Who was the first person you told about what occurred between you and Will Saye down in the corn field? A. I told my mother sometime afterwards, perhaps two weeks afterwards." Appellant objected to the question because it was

leading and would suggest the answer; and he objected to the answer, first, because it was hearsay; second, because it was irrelevant and inadmissible, and in the absence of the defendant; and it was an attempt on the part of the county attorney to bolster up his witness before the jury, and was calculated to injure the rights of the defendant. The bill is approved with this explanation: "This question was asked by the State in redirect examination, the defense in the cross having asked witness, 'Why she had not made complaint earlier,' and 'why she did not cry out at the time she was assaulted.'" We do not think, after a further review of the question, that this testimony was admissible. Recent outcries are always admissible, but two weeks after the supposed offense is committed they are inadmissible. If the defense had attempted to prove statements contradictory of the witness' testimony on the trial, then the State could prove that she made statements similar to her testimony upon the trial contemporaneous with the alleged contradiction. It follows that the court erred in admitting this testimony.

Bill of exceptions No. 11 complains that the court erred in refusing to give the following special charge: "You are charged by the court that if you find and believe from the testimony that on or about the 15th day of July, 1906, the defendant, Will Saye, met the prosecutrix in a corn field some distance from the ends of the rows and near a tree, and you further find and believe from the testimony that said meeting was in pursuance of a previous understanding between the defendant and the said prosecutrix, and you further find that he took hold of her, and hugged her, and that he tried to pull up her clothes and that he tried to get her down on the ground, and had her around the waist, and you further find that it was with and by her consent, he would not be guilty of an aggravated assault; or if you have a reasonable doubt as to whether or not she objected to such conduct, he would be entitled to an acquittal." We think this charge should have been given. The charge of the court was not as full on this question as it should have been. The only charge given by the court was as follows: "You are charged that if you believe from the evidence that defendant and prosecutrix met each other by previous appointment, mutual and agreeable to both, in the cornfield at the time alleged and though you should find that he fondled her as charged, he would not be guilty." This is not as full a charge as ought to have been given under the facts of this case.

For the errors pointed out, the motion for rehearing is granted, the affirmance is set aside, and the judgment is now reversed and the cause is remanded.

*Reversed and remanded.*