## JOE GUSEMANO V. STATE.

### No. 2345.    Decided March 12, 1913.

**1.—Burglary—Evidence—Accomplice—Corroboration—Impeachment.**

Upon trial of burglary, where it developed that the case against the State's witness for a similar offense had been dismissed, it was error to permit the State to show that the State's witness had substantially testified in the Justice Court as he did on the trial, such estimony was not admissible either for the purpose of corroboration or impeachment.    Harper, Judge, and Prendergast, Judge, dissenting.

**2.—Same—Evidence—Supporting Testimony—Rule Stated.**

Where it was sought to be shown that the State's witness had testified under an agreement that he would not be prosecuted for the offense, this would be an effort to show a corrupt motive, and it was, therefore, permissible to admit testimony that the witness had made similar statements before the justice of the peace.    Davidson, Presiding Judge, dissenting.

**3.—Same—Charge of Court—Recent Possession—Explanation—Exculpatory Evidence.**

Where, upon trial of burglary, there was evidence of defendant's explanation of his possession of the alleged stolen property, which was introduced by the State, it was reversible error to charge the jury that they must find that defendant's explanation was consistent with his innocence, as he may have received it, knowing that it was stolen property and yet, was not guilty of the burglary.

Appeal from the Criminal District Court of Harris.    Tried below before the Hon. C. W. Robinson.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The following statement from the Assistant Attorney-General is substantially correct:

On one of the nights early in May a railway car in the possession of one Bush was broken open and considerable merchandise taken therefrom.    The officers were notified of this burglary and by daylight the next morning they had traced a wagon from the place where the car was burglarized to the store of appellant.    The goods stolen consisted largely of shoes wrapped with a peculiar kind of paper.    These officers testified that they found some of this paper where the car had been burglarized and after tracing the wagon to appellant's store they found some of the identical kind of paper in the back yard of appellant where he ran his small store.    A short while after this burglary Sol Parker, John Parker, Joe Lewis, Walter Moore, Arthur Pitman (negroes), Nick Tremonte, V. Danna, and appellant Joe Gusemano were charged or rather suspicioned of having committed this burglary.    The first five named, negroes, were arrested.    In a short while after the burglary the officers sent for appellant to come to the police station.    He came there and was then told by the officers and also by a relative through the advice of the officers that if he had these goods he should give them up and that they would do all that they could for him if he would do the right thing.    Appellant then made a statement that he had bought these goods from these negroes

and that he had sent the goods out to the country, as he did not want them discovered in his possession. He then proceeded to get the goods, about two wagon loads, and delivered them to the officers. The negro Sol Parker, an accomplice, testified in behalf of the State that this appellant, together with the parties above named, assisted in the burglarizing of the car.

E. T. Branch, for appellant.—On question of admitting testimony as to statement of accomplice made before the justice of the peace in the absence of defendant: Pridemore v. State, 53 Texas Crim. Rep., 620; Saye v. State, 54 id., 430; Ezell v. State, 65 S. W. Rep., 370, and cases cited in opinion.

On question that witness can not be bolstered up by proof of similar statements after inducement existed: Porter v. State, 50 S. W. Rep., 380; Morton v. State, 71 S. W. Rep., 281; Sanders v. State, 31 Texas Crim. Rep., 525; Conway v. State, 33 id., 327; Green v. State, 49 id., 238; Anderson v. State, 50 id., 134; Branch Crim. Law, Section 364.

On question of exculpatory evidence and State being bound thereby: Winkler v. State, 58 Texas Crim. Rep., 564; Banks v. State, 56 Texas Crim. Rep., 262; Bryan v. State, 54 id., 59.

On question of reasonable explanation: Cagle v. State, 52 Texas Crim. Rep., 307; Section 772, Branch Crim. Law.

C. E. Lane, Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of the burglary of a railroad car. There was evidence of the fact that the car was broken and goods taken from it. The State introduced a negro named Parker, who made himself an accomplice,—that is a principal, in the transaction of breaking the car and taking the goods. Under his testimony the State would have a case, but being an accomplice and used as a witness, it was necessary that he be corroborated as required by the statute. As a means of corroboration of the negro, the State used an officer as a witness who testified in substance that appellant returned some of the property to him. Either at the time when appellant was first questioned about the goods, or when he delivered them, or perhaps on both occasions, he stated that he had purchased the goods from five negroes. The witness Parker had testified that five negroes, including himself and the defendant, who is not a negro, had committed the burglary, appellant furnishing the wagon. Appellant also proved an alibi on the night of the burglary. Without going into a detailed statement of the facts, this, we think, is sufficient to bring in review the questions presented.

1. Parker, on cross-examination, testified that he had made substantially the same statement before the justice of the peace or magistrate about two weeks after the burglary that he made on the trial

before the jury. The details are unnecessary. Objection was urged to this testimony and various grounds presented. This testimony was not admissible. We suppose the court admitted it upon one of two, or perhaps both, grounds,—first, that it was corroborative of the accomplice's testimony given before the jury, and, second, that he had been impeached, or sought to be impeached. Neither ground justified the admission of this testimony. Parker stated that he had made practically the same statement with reference to the transaction before the magistrate about two weeks after the alleged burglary. He was not sought to be impeached. It was developed from him while he was testifying, that the State would dismiss or had dismissed one of the cases against him. The court's ruling seems to be predicated upon the theory that that was impeaching the witness. We do not so understand the law. If it was sought to corroborate the accomplice by a repetition of his statement made at some other time, that can not be done. An accomplice can not corroborate himself. It is immaterial how many statements he may make. Without going into a discussion further of this matter, we refer to Pridemore v. State, 53 Texas Crim. Rep., 620; Saye v. State, 54 Texas Crim. Rep., 430; Reese v. State, 43 Texas Crim. Rep., 539; and Morton v. State, 43 Texas Crim. Rep., 533, 71 S. W. Rep., 281. We deem it unnecessary to pursue this line of thought further. To show a dismissal of the case against Parker was not impeaching his testimony.

2. Complaint is made of the court in charging upon the subject of reasonable explanation and possession of property because the State had proved the explanation and was bound by it, unless it was shown to be untrue, and the explanation being proved by the State, was a different question from the explanation put in evidence by the defendant, and because the reasonableness of the explanation was not a question for the jury, having been proved by the State, and because the court also required the jury to find that the explanation was ''consistent with his innocence.'' The court tried this case upon the theory that appellant's explanation of his possession of the property, towit; that he bought it, was consistent with his innocence. This question came up in Cagle v. State, 52 Texas Crim. Rep., 307, and was held adversely to the court's ruling. Applied to the facts of this case, the charge on explanation of possession of stolen property did not present the question as it should be presented, and, in fact, it may be stated that the charge as given, was detrimental to appellant. The charge with reference to reasonable explanation of the possession of property is based upon the theory that he came by the property innocently. That may not have been the case under this record. Appellant is charged with burglary and not with theft. The State put in evidence the fact of his possession, accompanied by his statement to the effect that he purchased the property. If appellant purchased the property, he would not be guilty of burglary. The property might not have been innocently in his possession. He may have

bought the property knowing it to have been stolen and yet be entirely innocent of burglary. Of course, if he bought the property,—whether he bought it innocently or knowing it to have been stolen,—this might be used as a circumstance for what it was worth, but if he bought it knowing it to have been stolen, he would not have been innocent in his possession. It would still have been a guilty possession if he knew it was stolen when he made the purchase. To meet this appellant requested some special charges; not only so, but criticised the court's charge in the motion for new trial. These special requested instructions were refused. The effect of these charges was to place this matter more correctly before the jury,—that is, if the defendant bought the property, even if he knew it was stolen, yet, before they could convict him of burglary, they must find that he was present or doing something in connection with the burglary which made him a principal. His acquittal of the burglary would not depend upon his innocence as to the possession of the stolen property, but would depend upon the fact that he participated in breaking the car as a principal. He may have known the property was stolen and yet not be guilty of burglary. He could be guilty as a receiver of the property if when he received it, he knew it to be stolen, whether it came from the broken car or not. The charge was not such as ought to have been given and it was erroneous under the facts of this case.

There are some other interesting questions presented for revision, but we are of the opinion the trial court will understand from what has been said the other questions will follow the line of thought here indicated.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

PRENDERGAST, Judge, and HARPER, Judge.—We concur in the reversal of the case, but not in the first proposition herein discussed. Mr. Branch in his Criminal Law, sec. 875, correctly we think lays down the rule to be that if it is sought to be shown that the witness testified from corrupt motives, then he can be sustained by showing that before the motive existed, he had made the same statement. In this case, it being sought to be shown that the witness had testified under an agreement that he would not be prosecuted for the offense, this would be an effort to show a corrupt motive, and rendered admissible supporting testimony. Wharton Crim. Law, sec. 492, and cases cited in note 3; English v. State, 34 Texas Crim. Rep., 190; Reddick v. State, 35 Texas Crim. Rep., 463; Mitchell v. State, 36 Texas Crim. Rep., 278; Williams v. State, 24 Texas Crim. App., 637; Jones v. State, 38 Texas Crim. Rep., 87; Keith v. State, 44 S. W. Rep., 847; Ballow v. Statem, 42 Texas Crim. Rep., 261; Jones v. State, 38 Texas Crim. Rep., 87.