## GUY SEEBOLD V. THE STATE.

### No. 6184. Decided April 13, 1921.

### Rehearing denied June 22, 1921.

**1.—Theft of Automobile—Indictment—Words and Phrases—Motion to Quash.**

Where the two words in the indictment complained of could be entirely eliminated therefrom and still a complete offense be charged therein, and the permitting them to remain in no wise rendered the indictment bad, there was no error in overruling the motion to quash.

**2.—Same—Evidence—Declarations of Defendant—Self-serving Statements.**

While a State's witness was testifying he was asked upon cross-examination to tell what, if any, statement the defendant made to him at the time he arrested him with the car, and the witness answered that defendant said he thought the officer was mistaken in the man, etc., and thereafter defendant attempted to introduce an additional statement of defendant which was made about an hour after his arrest, in which he said he did not steal the car, etc., there was no reversible error in excluding the latter statement as a self-serving declaration.

**3.—Same—Rule Stated—Declarations by Defendant—Res Gestae, When.**

The general rule is that what the accused said, on the discovery of the goods with him, is admissible in his favor if made instantaneously and without opportunity of concoction, as part of the *res gestae*, and such explanation is equally admissible so long as it is made when his right to the property was first questioned; but it is not admissible where it appears that he had opportunity to concoct a self-serving story. Following Taylor v. State, 15 Texas Crim. App., 359.

4.—Same—Explanation of Possession—Charge of Court—Form of Charge.

Where, upon trial of theft of an automobile, ·the court submitted a proper charge upon the explanation of possession of property recently stolen, a contention by the defendant that the court should have said in his charge: "consistent with his innocence as charged in the indictment" etc., was untenable and meaningless; and although the charge recommended in Wheeler v. State, 38 Texas Crim. Rep., 71, has been followed by the courts; it is believed that a simple charge on the facts of such possession is the proper form, and there was no reversible error in the instant case.

5.—Same—Principals—Charge of Court—Requested Charges.

Where, upon trial of theft of an automobile, the court's charge on principals safe-guarded defendant's rights at every point touched by the refused charges, there was no error in the refusal of these requested charges upon principals.

6.—Same—Argument of Counsel—Practice on Appeal.

Where the reference by the State's attorney as to what other juries had done or not done was improper, yet where the court gave a written instruction to the jury not to consider the argument, there was no reversible error.

7.—Same—Rehearing—Practice on Appeal.

Where the motion for rehearing consisted merely of a restatement of the various assignments which had been disposed of in the original opinion and no new proposition was advanced, the same is overruled.

Appeal from the District Court of Parker. Tried below before the Honorable F. O. McKinsey.

Appeal from a conviction of an automobile; penalty, three years' imprisonment in the penitentiary.

The opinion states the case.

McLean, Scott & McLean, and Sam Sayers, and Hood & Shadle, for appellant.—On question of statement by defendant: Wright v. State, 10 Texas Crim. App., 476; Andrews v. State, 25 id., 343; Castellow v. State. 15 id., 551.

On question of charge on principals: Cagle v. State, 106 S. W. Rep., 356; Gusemano v. State, 155 S. W. Rep., 217; Steed v. State, 43 Texas Crim Rep., 567; Mizell v. State, 128 S. W. Rep., 126.

C. M. Cureton, Attorney General, and C. L. Stone, Assistant Attorney General, for the State.—On question of explanations by defendant: Perry v. State, 155 S. W. Rep., 263; Lemons v. State, 59 Texas Crim. Rep., 299; Pitts v. State, 60 id., 528; Cyrus v. State, 169 S. W. Rep., 679.

On question of recent possession: Stephens v. State, 154 S. W. Rep., 996; Roberts v. State, 129 id., 611.

On question of argument of counsel: Mooney v. State, 176 S. W. Rep., 58; Himmelfarb v. State, 174 id., 589.

HAWKINS, JUDGE.—Appellant was convicted of the theft of an automobile, and his punishment assessed at three years' confinement in the penitentiary.

William Tucker, who was the station agent for the T. & P. Railroad at Mingus, in Palo Pinto County, left his automobile near the station on the night of June 9, 1919, and discovered his loss about 11:45 o'clock the same night. Immediately upon discovering that the car was gone he sent various messages to the surrounding towns, and especially, one to Millsap, in Parker County, about thirty miles east of Mingus, describing the car with minuteness; the information that the car was gone, and the description of it, came to W. J. Lewis, an officer at Millsap, and he immediately began a watch for the car. About one-thirty o'clock in the morning the appellant drove up in front of the garage in Millsap, and Lewis, after examining the car and satisfying himself that it was the car from Mingus, arrested him. The owner was notified, and reached Millsap a little after daylight, identified the car beyond question, and the same was turned over to him by the officer.

Appellant filed a motion to quash the indictment. There is no merit in any of the objections he urged to it. He complains that in one place in the indictment the pleader uses the words "the same" William Tucker, instead of the word "said;" and in another place the word which should be "said" is written "samd." The two words complained of could be entirely eliminated from the indictment, and still a complete offense be charged; and permitting them to remain in no wise renders the indictment bad.

While the officer, W. J. Lewis, was testifying, he was asked upon cross-examination, to tell, what, if any statement, the appellant made to him at the time he arrested him with the car. Objection was made by counsel for the State that it was self-serving, and that the statement was not made by appellant on first being arrested. When this question arose the trial judge proceeded with the utmost care, and we desire here to commend the practice adopted by him in this instance. He had the jury withdrawn, and the entire matter developed in order that he might rule intelligently upon it. During this examination the witness Lewis testified, that he told defendant he would have to detain him and the car both, and that appellant replied, "Allright, I think you are mistaken in the man." When he asked his permission to look at the car, he said: "All right, Help yourself." Nothing else was said by defendant at that time. The car was rolled into the garage, and the officer had the owner of the car at Mingus communicated with, advising that the car had been found, and for him to come over and identify and get it. About an hour after appellant's arrest, after he had made the statement heretofore recited, the appellant got up from where he had been sitting and went over to where the officer was, squatted down beside him, and then made the following statement: "I would not say the car is not a stolen car, but I know I did not steal it. I realize what I am into, alright, without anybody telling me, but I did not steal the

car. The car may have been stolen, for what I know. I was taking it to Fort Worth for another party." Upon being asked by the officer how he came in possession of the car, he replied; "Well, I had got a man to take me to Fort Worth that night; I had to get to Fort Worth early next morning, and got a man to take me in a car, and we met this man in this car, and he and the man I was with got to talking to each other, and said something about taking me to Fort Worth, and he says; 'Well, if that is all, why not let him take my car, and we will go back. I do not care to go for two or three days, and just all that it will cost him is to drive my car through to a garage in Fort Worth. ' " Upon being asked who the men were, appellant replied that he did not know.

It was the statement last above mentioned, which occurred about an hour after his arrest, that was excluded upon objection by the county attorney, and it is to the exclusion of that testimony that appellant reserved his bill of exceptions. The court admitted the statement made at the time of the arrest, viz; that appellant told the officer that he thought he had the wrong man, but declined to admit the subsequent statement, and appended to the bill of exceptions his following reasons. "The constable arrested the defendant, and took him and the car into his custody, telling defendant at the time he would have to detain him and the car, the defendant replied, 'All right, but I think you are mistaken in the man.' This was all that was said by defendant at the time he was arrested. The car was rolled into the garage. The defendant sat down on a seat inside the garage and the constable sat outside near the side door. Nothing more was said for about an hour when the defendant got up and came to where the constable was, sat down near him and voluntarily made the statement and explanation, the exclusion of which by the court is complained of in this bill. I thought the defendant's possession was challenged when he was arrested and the car taken from him and he advised that the car was charged to have been stolen, and that his explanation, to be admissible, should have been made then. The voluntary statement made by him an hour afterwards, after the lapse of ample time to fabricate an explanation, I did not deem to be *res gestae,* or to come within the rule admitting statements explaining the possession of recently stolen property made when the possession was first challenged, but thought said testimony hearsay and self-serving."

Counsel for appellant in his brief cites a number of authorities, to which we will refer. In Shackelford v. State, 43 Texas, 141, the court simply holds the explanation admissible, and gives no circumstances under which it was made, except that it appears to have been: "*After* the accused was overtaken by his pursuers," but how long after is not shown. Perry v. State, 41 Texas, 486, simply announces that, "Appellant, when found in possession of the stolen property, *at once* explained the nature and purpose of his possession, and gave the names of the persons who claimed to own it, and by whom he had been hired."

In Windham v. State, 19 Texas Crim. App., 422, it is simply recited that when defendant's right to the stolen property was *first* challenged, that the explanation was made. Miller v. State, 18 Texas Crim. App., 34, only announces the general rule as to explanations, and throws no light on the subject whatever. In Castellow v. State, 15 Texas Crim. App., 552, it appears that a man by the name of Murphy and a man by the name of Newhaus had each lost a cow. The defendant learned that a witness, Godez, had been making some inquiry about the Newhaus cow, and sent for the witness and told him the cow he had necked to an ox had been left in his pasture by a drover because she was lame. and requested Godez to tell Newhaus, if the cow was his, to come and prove it and take her, that he, the defendant, had no claim to her. About twelve days after this Murphy found this cow necked to the ox, and claimed the cow as his, and the defendant made a statement to Murphy and the sheriff at that time with reference to the possession of the cow, and this statement with reference to the Murphy claim, offered by the defendant, was excluded. The court held it should have been admitted although he had previously made an explanation with reference to the claim of Newhaus to the cow. The court holds that what the accused in this case may have said explanatory of the fact that the stolen cow was necked to his ox was admissible in his behalf. It will be seen that this case throws no light on the question now under consideration, because both of the explanations there were made instantly upon his right of possession being challenged as to the alleged Newhaus cow, and later, as to the claim of Murphy to the cow. In Wright's case, 10 Texas Crim. App., 476, the appellant, Wright, and one Walker, and others were jointly charged with the theft of a horse, and about *ten minutes* after the arrest Walker made a statement which was offered in evidence, and the same was excluded. The opinion in that case stated that *ten* minutes perhaps would not be too long a lapse or interval of time to place it beyond the bounds of *res gestae*; that a defendant's statements explanatory of his possession, when *first arrested,* are admissible; and, held, that, although Wright was upon trial: Walker's statement was admissible under the circumstances as shown above. In Andrew's case, 25 Texas Crim. App., 343, the accused made a statement as to how he came in possession *immediately* upon his right being challenged. Some of these explanations were offered by the State and some by the defendant. There was some contradication in the testimony as to what the accused did say upon this first explanation, a contradiction arising even among the witnesses for the State with reference to it. The accused then offered to prove an explanation which he had made on a day subsequent to the first, and the court held, that, in this case, in view of the contradiction, that he ought to have been permitted to do so. The Gilleand case, 24 Texas Crim. App., 524, does not discuss the question we have under advisement at all.

It will be seen from the foregoing cases cited by appellant in his brief that they do not aid the court in determining the question now under

consideration.    Mr. Wharton, in Criminal Evidence, Volume 2, Section 761, lays down the general rule to be: "What the accused said, on the discovery of the goods with him, is admissible in his favor if made instantaneously and without opportunity of concoction, as part of the *res gestae*." Encyclopedia of Evidence, Volume 8, page 111, states the rule substantially as does Mr. Wharton, but in a little different language, viz: "The explanation is equally admissible whether made when the accused is in actual possession, or after he has parted with possession, so long as it is made when his right to the property was first questioned.    But it is not admissible where it appears that he had had opportunity to concoct a self-serving story."    In Taylor v. State, 15 Texas Crim. App., 359, Judge Hurt, in his usual clear and forceful manner, stated the rule as follows: "Under the ancient authorities a party was not permitted to introduce his explanation of property recently stolen, unless he was in possession of the property at the time the explanation was made.    This rule has been relaxed so as to permit him to give in evidence his explanation if made at the time his possession was challenged, or when charged with the theft.    .    .    . The rule, however, has never been extended to such length as will permit a party to introduce his explanations made at any and all times, under any and all circumstances.    To be admissible the party must be in possession of the property, or the explanation must be made when arrested for the theft, or when charged, or informed that he is suspected of the theft.    And another rule must be borne in mind, which is, that the explanation must be made when the party is first directly or circumstantially called upon to explain."    In that case the accused was seeking to introduce what he had said with reference to the alleged stolen property at a time when he was in possession of it, but before he was arrested or even charged with, or suspected of the theft, and the explanation was excluded as being self-serving.

The reason for the rule is founded on human experience, that one innocently in possession of recently stolen property will immediately and instantly declare his connection with it, when his right to the possession is challenged; it is an involuntary assertion of innocence; the *res gestae* of possession when the right is challenged.    But his declarations before arrest, or before his right of possession is questioned, are regarded as self-serving, and rather smack of a preparatory defense, because of conscious wrongful possession; likewise, his statements made subsequent to arrest, or to the time his right of possession is challenged, where time has elapsed for him to reflect and fabricate an explanation, are excluded; they pass from the domain of *res gestae* of the particular transaction, to-wit: a challenge of his possessory right, and again become obnoxious as self-serving and hearsay.    We do not believe the court committed error in excluding the explanation made something like an hour after the appellant's arrest.    It appears to us such explanation falls within the ban of excluding an explanation after time and opportunity for reflection and fabrication of an excuse or explanation which

would suit the exigencies of the occasion. In view of the record we do not understand why the State objected to this testimony, and later on, without objection, permitted defendant to recall the owner of the car, Tucker, who testified, that two or three hours later, when he arrived, the appellant made practically the same explanation to him. There is no substantial difference between the explanation testified to by Tucker and the one offered through Lewis.

The court charged upon the explanation of possession of recently stolen property as follows: "If you believe from the evidence that the automobile in question was stolen, and that soon thereafter the defendant was in possession of said automobile, and that when his possession thereof was questioned, he made an explanation of how he came by the same, and if you believe that his explanation accounted for his possession in a manner consisted with his innocence, and that his explanation is reasonable and probably true, you will acquit the defendant. If, on the other hand, you believe said explanation to be unreasonable and does not account for defendant's possession in a manner consisted with his innocence, or if you believe said explanation accounts for defendant's possession of said automobile in a manner consisted with his innocence, but if you believe the explanation to be untrue, then you will take the possession of defendant, together with his explanation, in connection with all the other facts and circumstances, if any, in evidence, and if you believe beyond a reasonable doubt that the defendant is guilty, you will so find, otherwise, you will acquit him." Appellant vigorously assails this charge, and presented a special charge in lieu thereof: He asserts that where the court says, "If you believe that his explanation accounted for his possession in a manner consistent with his innocence, and that his explanation is reasonable and probably true, you will acquit the defendant," that the court should have said, "Consistent with his innocence *as charged in the indictment,* then you will consider such explanation as true, and acquit the defendant." We cannot agree with appellant's criticism. If the court had incorporated in his main charge, the clause "Consistent with his innocence, as charged in the indictment," doubtless it would have been met with a complaint that it was confusing, and meaningless, because there was no charge in the indictment consistent with his innocence. We think appellant was not only not injured, but benefited by the omission of such clause. It is true the court did not use the words "you will consider such explanation as true," but what he did say was tantamount to the same thing: that is, if they believed the explanation, etc., to acquit. Appellant complains because the court, later in the charge uses the expression, "but if you believe the explanation to be unture, etc.," and insist that the court should have said, "but the State has shown the falsity thereof, etc." There would have been more force in appellant's contention if the State had introduced the explanation; but here it was introduced by appellant. The case of Gusemano v. State, 69 Texas Crim. Rep., 557, 155 S. W. Rep., 217, cited by ap-

pellant, seems to turn on that very fact. Even where the explanation comes into the case through the State's evidence, we do not believe it absolutely necessary to charge that the State must show the falsity of the explanation. If from all the circumstances and facts in the case the jury believes the explanation to be untrue, then the explanation, and all other facts and circumstances should be considered, and the jury must believe beyond a reasonable doubt that defendant is guilty, otherwise they should acquit. In our opinion the charge is not subject to the criticism directed at it, and therefore, it was unnecessary to give the special charge on the same subject. The writer has never looked with favor on the involved charge necessary in explanation of recent possession of stolen property. Even the charge recommended in the Wheeler case, 38 Texas Crim. Rep., 71, 41 S. W. Rep., 615, is calculated to confuse the jury, and it is quite difficult to draw one, and avoid charging on the weight of the testimony. How much simpler it would have been in this case for the court to have told the jury, if they believed appellant came into possession of the car from some person who had requested him to drive it to Fort Worth, or if they had a reasonable doubt upon that issue, to acquit? But having charged on explanation, it was not necessary to give the special charge requested by appellant embracing what is suggested above. It is rarely necessary to give both, and we do not believe it was required in this case.

Appellant urges that as he was charged as a principal only, the trial court did not sufficiently instruct on that issue in the main charge, and requested seven special charges, all of them presenting some phase of the law of principals. The court gave one of the special charges, but refused the others. (a) One special charge explained to the jury the law of receiving and concealing stolen property, and told the jury appellant could not be convicted of that offense under the indictment; (b) Another defined an "accomplice," and advised the jury that appellant could not be convicted as an accomplice under the indictment; (c) Another was a charge on principals, and informed the jury that they could not convict appellant unless he himself took the car from the owner, or acted together with others in the original taking; (d) Another was a repetition of the charge on principals, and concluded by telling the jury that if appellant was not a principal in the original taking, he could not be convicted under the indictment even though he came into the possession of the car subsequently, knowing that it was stolen; (e) Another informed the jury that the gist of the offense of theft was the original taking, and if appellant was not connected with the original taking, no subsequent connection with the car would make him guilty as charged; (f) Another was to the same effect in different language. All of the refused charges embraced correct propositions of law, and unless the court sufficiently covered them in charge he did give, their refusal was error. In his main charge, the court told the jury: "If you believe and find from the evidence that the automobile in question was stolen from the possession of the witness Wm. Tucker at

Mingus, Texas, yet if you further believe that the same was taken by some other person, and not by the defendant, or that the defendant was not present, but was at another and different place at the time said automobile was taken, and did not participate in the taking thereof, or if from the evidence you have reasonable doubt as to whether said automobile was taken by some other person or not, or as to whether or not the defendant was present at the time said automobile was taken, if it was taken, you will in either such event, acquit the defendant and say by our verdict "Not guilty;' " and in addition gave the following requested charge: "You are charged, as a part of the law of this case, that, all persons are principals who are guilty of acting together in the commission of an offense. The defendant in this case stands charged with the offense of theft as a principal. Now, if you believe from the evidence beyond a reasonable doubt that the automobile described in the indictment in this case was stolen from the owner, Wm. Tucker, still, before you can convict the defendant you must further find and believe from the evidence that the defendant himself took said automobile in the first instance, or acted together with some other person or persons in the original taking of said automobile from the owner of same, and, if the State has not done this, you must return a verdict of 'Not guilty.' " An examination of the charges given by the court, in our opinion, perfectly safeguarded appellant's rights at every point touched by the refused charges, and we find no error on the part of the court in this respect. To have given the special charges would only have been a repetition.

The only bill of exceptions remaining to consider is one complaining of improper argument by the assistant county attorney, who said, "Other juries have heretofore disbelieved such a defense as this defendant has interposed." The argument was improper. Reference to what other juries had, or had not, done should not be indulged in. But the court gave the jury written instructions telling them such argument was improper, and that they should not consider it. In view of the charge given we do not believe such error was committed as will require a reversal.

The judgment of the trial court is affirmed.

*Affirmed.*

ON REHEARING.

June 22, 1921.

LATTIMORE, JUDGE.—Appellant has filed a motion for rehearing which we have carefully considered, but same seems to be merely a restatement of the various assignments which have heretofore been before this court and fully considered by us. No new propositions are advanced, and we find nothing in any argument used causing us to doubt the correctness of the original opinion. The motion for rehearing will be overruled.

*Overruled.*