GEORGE SWINK v. THE STATE.

No. 11893.  Delivered October 3, 1928.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is theft of cattle; the punishment confinement in the penitentiary for two years.

The case was tried in Potter County on a change of venue from Randall County.

Bill of exception Number 1 complains of the action of the court in transferring the case to Potter County. It is averred in the bill that the indictment was returned on the 20th day of January, 1928; that appellant was arrested and served with a copy of the indictment on the 21st day of January, 1928; that immediately after his arrest and service of the copy of the indictment, he was called upon by the court to plead, which he refused to do; that before the statutory time had elapsed for pleading the judge of his own motion, over appellant's objection, changed the venue to Potter County. Article 564 C. C. P. provides that before a change of venue is ordered all motions to set aside the indictment and all special pleas and exceptions which are to be determined by the judge and which have been filed shall be disposed of. If appellant desired to file a motion to set aside the indictment or had any special pleas and exceptions necessary to be determined before the change of venue was ordered, such fact is not disclosed by his bill of exception. His objection to the change of venue being that the statutory time allowed for pleading had not elapsed, it was incumbent on appellant to state facts showing that he was injured by the action of the court in prematurely ordering a change of venue.

Bill of exception Number 3 brings up for review the action of the court in overruling appellant's first application for a continuance. The application was based on the absence of the witness Jack Muse.

It is disclosed by the record that said witness appeared and testified fully to the facts alleged in the application. No error appears.

Appellant testified that he bought the stolen cattle from a man by the name of Hamilton, paying him therefor $230.00. A purported bill of sale from Hamilton to appellant was offered in evidence. Downing, to whom appellant had sold the cattle, testified that appellant told him at the time he made the sale that he had raised two head of the stock and had bought the others from the man who owned the T brand. Tanner, the injured party, owned the T brand and the stolen cattle were in that brand. He positively identified them as belonging to him. Appellant told Downing at the time he sold the cattle to him that he had paid $200.00 for them. The state offered testimony tending to show that there was no man by the name of Hamilton in the community where appellant claimed to have purchased the cattle. Several stock dealers testified that they were well acquainted with the cattle dealers in the vicinity of Tanner's ranch and that they had never seen a man by the name of Hamilton. The cattle were found in Downing's possession approximately two days after they had been missed by the owner. There were sufficient facts and circumstances to justify the conclusion that appellant's claim of purchase was false and that he was guilty of the theft of the cattle.

There were no exceptions to the court's charge. The jury were instructed at appellant's request that if they believed from the evidence that appellant purchased the cattle in question from T. H. Hamilton, or if they had a reasonable doubt thereof, they would acquit appellant, although they might believe that T. H. Hamilton acquired the cattle unlawfully. The court charged upon the explanation of possession of recently stolen property, which charge seems to be in accord with that approved in Seebold v. State, 232 S. W. 328 and Wheeler v. State, 41 S. W. 615. The subjects of the requested charges refused by the court were covered in the supplemental and requested instructions submitted to the jury. It follows that the contention urged in bills of exception Numbers 4 and 5 that the court committed error in refusing to give such requested instructions cannot be sustained.

Finding no error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been submitted to the Judges of the Court of Criminal Appeals and approved by the Court.